VALLEY AUTO LEASE OF CHAGRIN FALLS, INC., APPELLEE, *v.*
AUBURN TOWNSHIP BOARD OF ZONING APPEALS ET AL., APPELLANTS.

[Cite as Valley Auto Lease of Chagrin Falls, Inc. *v.*
Auburn Twp. Bd. of Zoning Appeals (1988), 38 Ohio St. 3d 184.]

(No. 87-1718—Submitted June 8, 1988—Decided August 17, 1988.)

*Kenen & Snider Co., L.P.A.,* and *R. L. Kenen,* for appellee.

*Kent W. Penhallurick,* chief assistant prosecuting attorney, for appellants.

CACIOPPO, J. The issue before us is whether Section 5.03(d)(1)[1] of the Auburn Township Zoning Resolution is unconstitutional as applied.

It is firmly established that legislative enactments have a strong presumption of constitutionality. *Benevolent Assn.* v. *Parma* (1980), 61 Ohio St. 2d 375, 377, 15 O.O. 3d 450, 451, 402 N.E. 2d 519, 521. It is a fundamental principle of Ohio zoning law that the party challenging the validity of a zoning classification has the burden of demonstrating the unconstitutionality or unreasonableness of the zoning resolution. *Leslie* v. *Toledo* (1981), 66 Ohio St. 2d 488, 489, 20 O.O. 3d 406, 407, 423 N.E. 2d 123, 124; *Brown* v. *Cleveland* (1981), 66 Ohio St. 2d 93, 95, 20 O.O. 3d 88, 89, 420 N.E. 2d 103,

105. "The legislative, not the judicial, authority is charged with the duty of determining the wisdom of zoning regulations, and the judicial judgment is not to be substituted for the legislative judgment in any case in which the issue or matter is fairly debatable." *Willott* v. *Beachwood* (1964), 175 Ohio St. 557, 560, 26 O.O. 2d 249, 251, 197 N.E. 2d 201, 204. In an appeal that challenges the constitutionality of a zoning ordinance as applied, the issue for determination is whether the ordinance, in proscribing a landowner's proposed use of his land, has any reasonable relationship to the legitimate exercise of police power by the municipality. *Mobil Oil Corp.* v. *Rocky River* (1974), 38 Ohio St. 2d 23, 67 O.O. 2d 38, 309 N.E. 2d 900, syllabus.

R.C. 519.14(C)[2] authorizes a township board of zoning appeals to grant conditional zoning certificates for specific uses which are provided for in the zoning resolution. Section 2.07(b)(4)[3] specifies automobile sales

---

[1] Section 5.03, at the time relevant herein, read in part:

"Conditional Uses: Only those conditional uses defined in this Resolution and specified under a given district on the District Schedule (4.03) may be approved in that district. In addition, the following regulations related to particular categories of conditional uses shall apply.

"* * *

"(d) Conditional Businesses:

"(1) Location and Access: These uses shall be located at least 500 feet from any R-1 or PUD District, dwelling, public facility, cemetery or church. Direct access to or from local residential streets shall be prohibited; and all points of access shall be located at least 100 feet from any street intersection. Preferable locations are at major intersections or adjacent to other compatable [*sic*] uses which offer the opportunity for joint parking facilities and a coordinated circulation system."

Subsequently, Section 5.03(d)(1) was amended to decrease the distance required

from five hundred feet to three hundred feet.

[2] R.C. 519.14 states in part:

"The township board of zoning appeals may:

"* * *

"(C) Grant conditional zoning certificates for the use of land, buildings, or other structures if such certificates for specific uses are provided for in the zoning resolution."

[3] Section 2.07(b) reads in part:

"Conditional uses: Uncommon accessory or main uses which may be approved in certain locations according to the provisions of this Resolution.

"* * *

"(4) Conditional Businesses: One or more of the following uses.

"a. Automotive repair, service and sales establishments such as automobile repair garages, car washes, service stations and automobile, boat, farm equipment and motorcycle dealerships excluding automotive wrecking or junk yards."

establishments as conditional uses in the general business district of Auburn Township. In issuing a conditional zoning certificate, the board of zoning appeals is governed by whatever terms and conditions are imposed by the resolution. *Nunamaker* v. *Bd. of Zoning Appeals* (1982), 2 Ohio St. 3d 115, 118, 2 OBR 664, 667, 443 N.E. 2d 172, 175.

In the instant case, all the conditions imposed by the board in the conditional zoning certificate are specifically set forth in the Auburn Township Zoning Resolution.[4] The listed conditional businesses are more intensive businesses and would have a greater impact on the surrounding residential or PUD area. Thus, the condition imposed by Section 5.03(d)(1) of the zoning resolution is reasonably justified by the nature of the conditional uses themselves.

However, the court found that regulation as applied to the appellee to be confiscatory.

The general scheme of zoning may be valid, yet when applied to a particular property and a particular set of facts the regulation may result in a unconstitutional confiscation if the regulation restricts the use of the land as to render it valueless, the permitted uses are not economically feasible, or the regulation permits only uses which are highly improbable or practically impossible under the circumstances. The showing of diminution of land value

due to a zoning regulation, taken alone, is insufficient to invalidate the existing zoning. See *C. Miller Chevrolet* v. *Willoughby Hills* (1974), 38 Ohio St. 2d 298, 67 O.O. 2d 358, 313 N.E. 2d 400.

Hence, where a conditional zoning certificate is subject to conditions authorized by the township's zoning resolution, and one such condition places a minimum setback distance for particular uses, such condition is not confiscatory if the property could be used in a manner permitted by the zoning resolution, and would not deny the owner reasonable use of his land.

In the case *sub judice,* the subject property will also be used for a car repair shop, and is being used for the rental of two apartments. The property could be used in a manner permitted by the Auburn Township Zoning Resolution. The zoning regulation at issue in this case is not unconstitutionally confiscatory since it does not deny the appellee a reasonable use of its land.

The judgment of the court of appeals is reversed.

*Judgment reversed.*

MOYER, C.J., LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

MARY CACIOPPO, J., of the Ninth Appellate District, sitting for SWEENEY, J.

---

[4] Those conditions imposed by the board were authorized by Sections 4.03, 5.02, and 5.03(d) of the Auburn Township Zoning Resolution.