GIAMBRONE, Appellee and Cross–Appellant,

v.

CITY OF AURORA et al., Appellants and Cross–Appellees.

[Cite as *Giambrone v. Aurora* (1993), 85 Ohio App.3d 758.]

Court of Appeals of Ohio,
Portage County.

No. 92–P–0043.

Decided April 1, 1993.

---

*Kevin H. Young*, for appellee and cross-appellant.

*David M. Benjamin*, for appellants and cross-appellees.

Ford, Presiding Judge.

This appeal emanates from the Portage County Court of Common Pleas. Both the Board of Zoning Appeals ("board"), and the city of Aurora, Ohio, appellants and cross-appellees, and, David Giambrone, appellee and cross-appellant, timely appealed from the trial court's order, which upheld the board's denial of appellee's variance request, but declared unconstitutional the Aurora City Ordinances ("Code") as applied to appellee. The trial court thus ordered the board to grant appellee's variance request.

On June 3, 1991, appellee petitioned the board for an area variance on a fifty-by-one-hundred-fifty-foot lot located at 930 Bank Street, Aurora, Ohio, which is zoned R–5. He planned to construct a single family dwelling on his property. Pursuant to Section 1135.06(f) of the Code, corner lots must have equal setbacks from both streets. Section 1147.04(e) required a thirty-five-foot setback, which would have left appellee no room upon which to build a house. Appellee thus requested a twenty-four-foot variance, which would allow his home to be situated eleven feet from both the lot line and the north right of way, and eighteen feet from the house on the adjoining lot.

Appellee had formerly owned two other lots adjoining the lot at issue. However, he opted to develop and sell the two others, leaving the lot at issue undeveloped. Subsequently, appellee entered into a land sale contract for this lot which was contingent upon the granting of his variance request.

On July 23, 1991, after a hearing during which appellee and several neighbors testified, appellee's application was denied. On August 21, 1991, pursuant to R.C. Chapter 2506, appellee appealed to the common pleas court from the board's denial of his variance request. On March 17, 1992, the trial court rejected appellee's argument that the board's denial of the variance request was arbitrary and unsupported by the evidence. However, the court agreed with his argument that the Code, as applied to him, was unconstitutional.

Appellants filed an appeal from the decision of the trial court, and appellee cross-appealed.

Appellants assign the following as error:

"Having correctly upheld the board of zoning denial of appellant's zoning variance, the court of common pleas erred when it found that, constitutionally, the appellant was entitled to this variance."

Appellee also presents one cross-assignment:

"Having held correctly that the Codified Planning, Zoning and Building Ordinances of the City of Aurora, Ohio, as applied to the Appellee–Cross Appellant, were unconstitutional the Court of Common Pleas for Portage County committed

an abuse of discretion when it incorrectly applied the practical difficulties standard and upheld the Board of Zoning Appeals denial of the Appellee–Cross–Appellant's request for an area variance."

We are somewhat perplexed by the trial court's indulgence in an analysis regarding the constitutionality of the Code. The same reasoning which led it to reach the conclusion that the Code is unconstitutional in its application to appellee is what should have led it to conclude that appellee's variance request could have been granted based on a showing of "practical difficulties." Nevertheless, because we agree with the court's ultimate conclusion, we see no reason to disturb this finding, and will address it accordingly.

Appellants argue that the Code was constitutionally applied when the board denied appellee's variance request. Appellee requests this court to affirm the trial court's ruling that the Code, as applied to him, was unconstitutional, or, in the alternative, to hold that he adequately demonstrated practical difficulties, and should have been granted a variance.

Before addressing appellants' assignment as to the constitutionality of the Code, we will set forth the settled law governing this issue. It is presumed that zoning regulations are valid and constitutional. *Brown v. Cleveland* (1981), 66 Ohio St.2d 93, 95, 20 O.O.3d 88, 89, 420 N.E.2d 103, 105. The party challenging the constitutionality of a zoning regulation bears the burden of demonstrating the unconstitutionality or unreasonableness of the regulation. *Mayfield–Dorsh, Inc. v. S. Euclid* (1981), 68 Ohio St.2d 156, 157, 22 O.O.3d 388, 388–389, 429 N.E.2d 159, 160–161. Thus, appellee bore the burden of demonstrating the unconstitutionality of the Code.

In order to invalidate a zoning ordinance, the challenging party must demonstrate, beyond fair debate, that the zoning classification denies him the economically viable use of his land without substantially advancing a legitimate interest in the health, safety or welfare of the community. *Columbia Oldsmobile, Inc. v. Montgomery* (1990), 56 Ohio St.3d 60, 62, 564 N.E.2d 455, 457–458; *Ketchel v. Bainbridge Twp.* (1990), 52 Ohio St.3d 239, 243, 557 N.E.2d 779, 782–783. Thus, a two-part analysis is conducted to determine the constitutional validity of the zoning regulation.

"The first hurdle that a plaintiff challenging the constitutionality of a zoning regulation must clear is 'economic infeasibility.' Ordinarily, a zoning regulation is not confiscatory so long as the owner is not deprived of the reasonable use of his property." *Zeltig Land Dev. Corp. v. Bainbridge Twp. Bd. of Trustees* (1991), 75 Ohio App.3d 302, 307, 599 N.E.2d 383, 386, citing *Columbia Oldsmobile, supra,* and *Valley Auto Lease of Chagrin Falls, Inc. v. Auburn Twp. Bd. of Zoning Appeals* (1988), 38 Ohio St.3d 184, 527 N.E.2d 825, syllabus.

■ It is also well settled that a zoning regulation which deprives an owner of all uses except those which are highly improbable or practically impossible under the circumstances is impermissibly restrictive. *Zeltig,* 75 Ohio App.3d at 307, 599 N.E.2d at 386; *Columbia Oldsmobile,* 56 Ohio St.3d at 62, 564 N.E.2d at 457–458; *Valley Auto Lease,* 38 Ohio St.3d at 186, 527 N.E.2d at 827–828.

■ Also, "[w]here the imposition of a large minimum lot size would work an *extraordinary* burden upon a land owner, the regulation, as applied, may be subject to constitutional attack." (Emphasis *sic.*) *Zeltig,* 75 Ohio App.3d at 307–308, 599 N.E.2d at 386. The trial court found, and we agree, that the Code's setback requirements, as they are applied to appellee's land, deprives appellee of the reasonable use of his land.

As stated by the trial court in its March 17, 1992 order, appellee needs the variance in order to build. Unless appellee builds a home the size of an enlarged dollhouse, the lot is unbuildable if the setback requirement is enforced. Neither of the parties dispute that fact. Thus, by denying appellee's variance request, the board effectively deprived him of any economically viable use of his land, therefore satisfying the first prong of the foregoing *Columbia Oldsmobile* test. Also, the record is devoid of any evidence that appellants proposed a reasonable, economically viable, alternative use for appellee's lot.

■ As for the second prong of the test, it must now be determined whether there is a legitimate governmental interest which is advanced by the required lot size. For the following reasons, we agree with the trial court that *no* such interest has been advanced by the board's denial of appellee's request.

Aurora Code Section 1169.07(c)(2) provides that:

"The Board may grant variances from the strict letter of the Zoning Code when the Board is convinced that the same are in the *spirit* of the Zoning Code and are not detrimental to the general welfare of the City * * *." (Emphasis added.)

The "spirit" of the zoning code appears to be codified in part in Section 1135.01, which states that:

"For the purposes of *promoting the public health, safety, morals, convenience and general welfare,* the City is hereby divided into zoning districts * * *."

First, it is interesting to note that the house on the adjoining lot is only seven feet from appellee's lot line. Yet, appellee plans to build eleven feet from the lot line. Therefore, any objection requesting a greater setback is not reasonable. Also, there would be twenty-six-plus feet from the traveled way to the proposed house. Additionally, according to the topographical survey contained in the record, the adjoining lots Nos. 754, 755, and 756 each measure fifty feet by one

hundred fifty feet, the same dimension as appellee's lot, No. 757. Thus, there is no direct evidence that appellee's proposed variance would impinge upon the health, safety and welfare of the neighborhood.

Second, as stated by the trial court, a setback requirement promotes the public health, safety, morals, convenience and general welfare because it ensures light and air to the building occupants and safety to the traffic on the street. The dimensions proposed by appellee in his variance request will provide the occupants of the proposed house with adequate light, air and safety to the traffic on the streets, thus comporting directly with the "spirit" of the Code.

Accordingly, appellee has shown beyond fair debate that the board's decision to prohibit his development does not reasonably relate to the public health, safety or general welfare of the city. The Code, as applied to appellee, is therefore unconstitutional.

■ Our review of the minutes from the board's meeting, during which appellee's request was denied, reveals that the neighbors objected to the proposed variance primarily for two reasons. First, they objected to the potential crowding and increased density that may be caused by putting a bunch of "unwanted" people in a small area. Specifically, the objection was aimed towards the potential onslaught of additional children. Second, the naturalists in the group did not seem to understand how appellee could build a home without cutting down the picturesque pine trees that currently adorn the lot.

We agree that, certainly, "a local government is not prohibited from introducing evidence that it desires to maintain low density development. This goal is permissible to protect the community's citizens from the 'ill effects of urbanization.'" *Zeltig,* 75 Ohio App.3d at 308, 599 N.E.2d at 387, citing *Agins v. Tiburon* (1980), 447 U.S. 255, 261, 100 S.Ct. 2138, 2142, 65 L.Ed.2d 106, 112. However, appellants' objections to more children, or to the destruction of pine trees hardly revealed by a preponderance of reliable, probative and substantial evidence that appellee's proposed plans for the lot would inappropriately infringe upon the public health, safety or welfare. In fact, as previously stated, the evidence points to the fact that by granting appellee's variance request, the board would have acted in direct compliance with the "spirit" of the Code.

The Code, in Section 1147.01 states in pertinent part that:

"It is not the intent of this Zoning Code to encourage the construction of very small structures on very small lots, *but rather to permit such construction where the property owner does not wish to resubdivide into larger lots or combine existing lots in order to provide more open space about a residential structure.*" (Emphasis added.)

Thus, the board's purpose of preventing a barrage of variance requests that would encourage the construction of small homes on small lots is a noble one. However, as previously stated, appellee formerly owned the two adjoining lots, but desired to sell them off separately from the lot at issue. Therefore, it is clear that he did not wish to resubdivide or combine the three lots. Accordingly, it would be harmonious with the purposes of Section 1147.01 to grant appellee's variance and permit a small structure on a small lot.

The trial court found that the Code provides for the granting of variances, but that it does not provide any standards to guide the board in that decision. We do not agree that the Code is devoid of standards and thus unconstitutional, because R.C. 713.11 and a wealth of case law interpreting the statute enumerate the standards for the granting of variances.

Also, the Code *does* expressly set forth certain standards. It states that the board may vary from a setback requirement if necessary to permit development where the lot was platted before the passage of the Code or is adjacent to houses on lots that do not conform to the Code. See Aurora Code Section 1169.07(c)(4).

Consistent with this theme, we note as an aside that neither party raised the issue of whether appellee's lot was platted and occupied prior to the enactment of the zoning ordinance. However, had they done so, and had the record clearly reflected this fact, we would conclude that appellee should be granted a variance based on the prior nonconforming use.

Thus, the trial court appropriately interpretively read into the Code the seven *Duncan* factors [1] to determine whether appellee would suffer practical difficulties. See *Duncan v. Middlefield* (1986), 23 Ohio St.3d 83, 23 OBR 212, 491 N.E.2d 692. These factors did not need to be expressly written into the Code. Accordingly, we find no error in this exercise.

Our conclusion that the Code is unconstitutional as applied to appellee renders moot appellee's assignment of error regarding the showing of practical difficulties. See App.R. 12(C). Based on the foregoing, we conclude that appellants'

---

1. The *Duncan* factors are as follows: (1) whether the property in question will yield a reasonable return or whether there can be any beneficial use of the property without the variance; (2) whether the variance is substantial; (3) whether the essential character of the neighborhood would be substantially altered or whether adjoining properties would suffer a substantial detriment as a result of the variance; (4) whether the variance would adversely affect the delivery of governmental services (*e.g.*, water, sewer, garbage); (5) whether the property owner purchased the property with knowledge of the zoning restriction; (6) whether the property owner's predicament feasibly can be obviated through some method other than a variance; (7) whether the spirit and intent behind the zoning requirement would be observed and substantial justice done by granting the variance. *Duncan*, 23 Ohio St.3d at 86, 23 OBR at 214–215, 491 N.E.2d at 695.

assignment of error is overruled. Accordingly, the order of the trial court is affirmed.

*Judgment affirmed.*

CHRISTLEY and NADER, JJ., concur.