Plaintiffs-appellants, Emil and Mary Ann Varhola, appeal from the judgment of the Summit County Court of Common Pleas that affirmed the denial of a conditional use permit. We affirm.
The appellants are the owners of a residence located at 684 Kenmore Boulevard in Akron, Ohio. For several years, the appellants have stored construction materials in a large trailer located next to a garage at the rear of the property. The lower portion of the trailer is partially obscured from view by a fence.
In 1997, the appellants requested a conditional use permit to retain the trailer for storage purposes. The Akron City Council disapproved the application, finding that the use did not conform to the standards contained in Akron City Code 153.077. The Summit County Court of Common Pleas affirmed the decision. The appellants timely appealed and have raised one assignment of error for review.
 ASSIGNMENT OF ERROR The trial court erred in denying the administrative appeal of appellants because the denial of appellants' request for a variance was an unconstitutional application of the applicable laws. Furthermore, the decision of the city council was arbitrary, cap[ricious], unreasonable, and unsupported by the preponderance of substantial, reliable and probative evidence on the whole record.
In their assignment of error, the appellants have argued that (1) the trial court's decision was not supported by the preponderance of substantial, reliable, and probative evidence; and (2) Akron City Code 153.077 is unconstitutional as applied in this case.
The court of common pleas is the first avenue of appeal following an administrative hearing. By necessity, both factual and legal determinations are involved. Dudukovich v. Hous. Auth.
(1979), 58 Ohio St.2d 202, 207. R.C. 2506.04 defines the authority of the common pleas court to hear administrative appeals, providing in part:
 The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from.
Reviewing courts act with a high degree of deference toward administrative findings, "based on the assumption that [administrative bodies] have accumulated expertise in their own content area." Joudah v. Ohio Dept. of Human Serv. (1994),94 Ohio App.3d 614, 617, fn. 2, citing Swallow v. Indus. Comm.
(1988), 36 Ohio St.3d 55, 59. Review by a court of appeals is even more limited in scope. The court of appeals must affirm the decision of the common pleas court unless it finds that the decision is not supported by "a preponderance of reliable, probative, and substantial evidence" as a matter of law. Smith v.Granville Twp. Bd. of Trustees (1998), 81 Ohio St.3d 608, 613.
The appellants' home is located in a Class U3 district zoned for retail business uses. Storage of construction materials and equipment is permitted in Class U4 commercial districts, but is not permitted in a Class U3 retail business district. Akron City Code 153.107 and 153.108(A)(3). "[A]ny truck, tractor, trailer, or similar equipment" may not be parked on property within a Class U3 retail business district if the property is within two hundred feet of a residential district. Akron City Code 153.287(D)(2)(d).
The appellants applied for a conditional use permit pursuant to Akron City Code 153.077, which requires, in part, that the City examine a petition for a conditional use and determine that the use:
 (A) Will be harmonious with and in accordance with the general objectives of the city's comprehensive plan;
 (B) Will be designed, constructed, operated, and maintained so as to be harmonious and appropriate in appearance with the existing or intended character of the general vicinity and will not change the essential character of the same area;
 (C) Will not be hazardous or disturbing to existing or future neighboring uses;
Akron City Code 153.077. The trial court, upon reviewing the record of the administrative proceedings, observed that the appellants kept a box trailer on the back of their property that measured eight by twenty-seven feet. The presence of the trailer constitutes a violation of Akron City Code 153.107. Evidence before the City demonstrated that the trailer presented potential safety hazards and constituted an eyesore to the neighboring homeowners and renters. The appellants' property is located within two hundred feet of a residential area. The appellants have argued that the conditional use permit should have been granted, nonetheless, because several neighboring properties also housed trailers for storage purposes. This argument is unpersuasive. Because the decision of the trial court is supported by a preponderance of reliable, probative, and substantial evidence, we conclude that the court did not err by affirming the denial of appellants' application for a conditional use permit.
The appellants' second argument is that the application of Akron City Code 153.077 in this case is unconstitutional. Local zoning ordinances are presumed to be constitutional. GoldbergCos., Inc. v. Richmond Hts. (1998), 81 Ohio St.3d 207, syllabus. Consequently, a party who challenges the constitutionality of a zoning ordinance bears the burden of demonstrating that the ordinance is unconstitutional. Id. at 209. When an appellant has challenged the constitutionality of a zoning ordinance as applied, the determination on appeal must be "whether the ordinance, in proscribing a landowner's proposed use of his land, has any reasonable relationship to the legitimate exercise of police power by the municipality." Valley Auto Lease of Chagrin Falls, Inc. v.Auburn Twp. Bd. of Zoning Appeals (1988), 38 Ohio St.3d 184, 185. Where the application of a zoning ordinance infringes on the landowner's rights to the point that there is no remaining use of the land that is economically viable, application of the ordinance may constitute an unconstitutional taking, entitling the owner to compensation. Goldberg Cos., Inc. v. Richmond Hts.,81 Ohio St.3d at 210.
The appellants have argued that the denial of the conditional use permit to retain a storage trailer on their property constitutes an unconstitutional deprivation of the use of their land. Specifically, they have argued that the use of the trailer for storage of materials related to their part-time construction business is "an economically viable use of [the] land." (Emphasis added.) The prohibition of one economically viable use of property, however, does not rise to the level of an unconstitutional deprivation. In order to constitute an unconstitutional confiscation, denial of a conditional use must leave the property owner with only permitted uses that "are not economically feasible * * *, are highly improbable [,] or [are] practically impossible under the circumstances." Valley AutoLease of Chagrin Falls, Inc. v. Auborn Twp. Bd. of Zoning Appeals,38 Ohio St.3d at 186. The property owner must demonstrate that there is no remaining economically viable use of the land.Goldberg Cos., Inc. v. Richmond Hts., 81 Ohio St.3d at 210. The appellants have failed to meet this burden.
The appellants' assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Summit County Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellants.
Exceptions.
 ___________________________ LYNN C. SLABY
FOR THE COURT
BAIRD, P. J.
WHITMORE, J.
CONCUR