OPINION
Plaintiffs, who are landowners and a real estate developer, appeal from a judgment of the court of common pleas affirming a decision of the Miami Township Board of Trustees that denied a zoning change the Plaintiffs had requested. Plaintiffs, Lloyd and Jane McGraw and Thelma M. Dunaway, collectively own approximately 254 acres of land in Miami Township. The McGraw and Dunaway tracts are zoned "A" for Agricultural use. Plaintiff, Douglas M. Mays, agreed to purchase the McGraw and Dunaway tracts. Mays intends to subdivide the land for a residential development to be called Jamaica Run Estates. Plaintiffs filed an application for rezoning with the Township, seeking a change in the zoning classification of the McGraw and Dunaway tracts from "A" to "PD-1", Planned Residential District. The Jamaica Run plan would subdivide the tracts into 426 single-family lots, a 10 acre public park, and public streets serving the development. The typical lot would be approximately one-half acre in size.
Following a public hearing, the Township Board of Trustees denied the application. The Board found that the development plan "was not sufficiently sensitive to either the property or the neighborhood." The Board's finding and decision is consistent with a report of the Township Planning Staff dated January 13, 1997, which recommended that the Board deny the Plaintiff's application. The report stated that the plan needed to show more sensitivity to the natural features of the property and to the surrounding areas before the planning staff would consider recommending approval.
On May 26, 1998, Plaintiffs filed an amended complaint for declaratory judgment, injunctive relief and compensation against the Township Board in the court of common pleas. The matter was referred to a magistrate, who held a three day trial. On February 26, 1999, the magistrate issued a decision dismissing the complaint in its entirety and awarding judgment to the Board of Trustees. Plaintiffs filed objections to the magistrate's decision. On July 20, 2001, the trial court overruled the objections and adopted the magistrate's decision. Plaintiffs filed timely notice of appeal. They present four assignments of error.
 FIRST ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN NOT FINDING APPELLEE'S AGRICULTURAL ZONING RESTRICTION UNCONSTITUTIONAL"
 SECOND ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN NOT FINDING APPELLEE'S AGRICULTURAL ZONING RESTRICTION UNCONSTITUTIONAL AS IT DEPRIVES OWNERS OF AN ECONOMICALLY FEASIBLE USE OF THE PROPERTY"
The constitutionality of a zoning ordinance may be attacked and injunctive relief from its prohibitions obtained in a declaratory judgment action brought pursuant to R.C. Chapter 2506. Karches v.Cincinnati (1988), 38 Ohio St.3d 12. However, there is a strong presumption in favor of the constitutionality of a zoning ordinance.Goldberg v. Richmond Heights City Council, 81 Ohio St.3d 207,1998-Ohio-456; Valley Auto Lease of Chagrin Falls, Inc. v. Auburn Twp.Bd. of Zoning Appeals (1988), 38 Ohio St.3d 184. The burden of proof is on the party challenging its constitutionality. Goldberg, supra.
An ordinance may be found unconstitutional on due process principles if it is shown to be "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare." Euclid v. Ambler Realty Co. (1926), 272 U.S. 365, 395,47 S.Ct. 114, 71 L.Ed. 303. See Karches, supra, at 19. Such a showing must be one that is "beyond fair debate." Karches, supra; Smythe v. ButlerTwp. (1993), 85 Ohio App.3d 616, 619. The showing may involve all relevant facts and circumstances; not only those involving a complainant's property, but also those involving other property in the same zoning district.
In a zoning case such as this, where the constitutionality of an ordinance is contested on due process grounds, the trier of fact must make certain findings of fact to determine whether the ordinance meets the Euclid v. Ambler Realty test. When the challenge involves a factual determination, the trial court is in a better position to evaluate the testimony of witnesses and the evidence presented. Home Builders Assn.of Dayton the Miami Valley v. City of Beavercreek, 89 Ohio St.3d 121,2000-Ohio-115. Therefore, a reviewing court will not disturb the findings of a trial court unless the findings are against the manifest weight of the evidence, that is, unsupported by competent, credible evidence going to the essential elements of the case. Shemo v. Mayfield Heights,88 Ohio St.3d 7, 2000-Ohio-258.
If no due process defect is found, a zoning ordinance may also be found unconstitutional if, as applied to the complainant's property, it constitutes a taking for which just compensation is required. Goldberg,supra. If the ordinance affects a taking of the property in question, the ordinance remains in effect, but the court may enjoin its application unless just compensation is paid. Id.
Plaintiffs argue due process grounds in support of their first assignment of error. They present two claims. Plaintiffs argue that retention of the agricultural use restriction is unreasonable and arbitrary because, while it prohibits their proposed use, it permits single family housing on twenty acre lots, which are economically unfeasible for farming, a use that the ordinance purports to support. The evidence on that point was mixed, however.
Joseph Klosterman, a member of the Montgomery County Planning Commission, testified that there were numerous individuals farming within the lot size restrictions of the zoning ordinance. In addition, Klosterman noted that the ordinance does not limit farming to twenty acre lots, but sets that lot size as a minimum.
Farming on lots larger than the twenty-acre minimum for residential lots may be more economically advantageous. However, that does not demonstrate that the twenty-acre minimum is unreasonable, arbitrary, or lacking a substantial relation to the public health, safety, and morals. If that is defined as preserving an agricultural use, the ordinance achieves that purpose, even with the minimum lot size allowed. Plaintiffs also argue that the members of the Township Board of Trustees were not motivated to vote as they did by a desire to preserve the agricultural uses of land in the district, but instead by a concern about the availability of sewer service. They offered the testimony of one of the three trustees to that effect. The Trustee's view is arbitrary and unreasonable, according to Plaintiffs, because their development plan calls for Plaintiffs to provide sewer service.
The Trustees rejected the Plaintiffs' proposal because they found the development was "not sufficiently sensitive to either the property or the neighborhood." This finding is not particularly definitive. However, neither is it addressed to the availability of sewer and water service. Further, the single Trustee who testified for Plaintiffs appears to have voiced her own concern, not that of the Board.
In another case involving a zoning decision, decided recently, we declined to look behind the zoning authority's finding to determine the true reasons for the decision it made, stating: "if the act be clothed with all the requisite forms of a law, a court, sitting as a court of law, cannot sustain a suit between individuals founded on the allegation that the act is a nullity in consequence of the impure motives which influences certain members of the legislature which passed the law."Concerned Citizens of Spring Valley v. Spring Valley Twp. Bd. of ZoningAppeals, Greene App. No. 01-CA-0059, 2002-Ohio-540 (Young, J., concurring, quoting Fletcher v. Peck (1810), 10 U.S. 87, (Cranch), Syllabus). The same rule requires us to decline that invitation here.
Finally, and because all circumstances may be considered, we note that the continued agricultural use of the land in the zoning district is consistent with the Montgomery County Comprehensive Plan for Miami Township because it is outside the Urban Service Boundary. The Board's decision is consistent with that principle. Therefore, it is neither unreasonable, arbitrary, nor lacking a substantial relationship to the public health, safety, and morals.
Having rejected the due process claims in Plaintiff's first assignment of error, we move to the "takings" claims in their second assignment of error.
The Fifth Amendment to the United States Constitution provides that governmental takings of private property for a public purpose are prohibited unless just compensation is paid. A "taking" may be a physical intrusion onto land, or it may be accomplished through a regulation that prohibits a use of land. Tahoe-Sierra Preservation Council, Inc. v. TahoeRegional Planning Agency (2002), ___ U.S. ___, 122 S.Ct. 1465,152 L.Ed.2d 517.
In order to constitute a "regulatory" taking, the measure involved must be permanent in nature and of such a character and effect that the owner is deprived of all or substantially all economic use of his land that is feasible. Tahoe-Sierra, supra. However, "[a] landowner does not have a right to have his land zoned for its most advantageous economic use; the mere fact that the property would be substantially more valuable if used an alternate way is, in itself, insufficient to invalidate an existing zoning ordinance." Smythe, supra, at 621. Plaintiffs concede that they may continue to use their land for farming. They argue that the income they can realize from that use, approximately $15,000.00 per year from land worth $700,000.00, is too minimal to constitute a feasible economic use of the land.
"Takings" jurisprudence does not favor claims that some more remunerative use is denied. Rather, the question is whether some economically feasible use remains. Feasibility refers to the reasonable availability of the use. Its economic character is its capacity to produce a material return. Both exist here, as the history of this property shows. Therefore, no "taking" has occurred as a result of the Board's decision for which compensation is required by theFifth Amendment.
The first and second assignments of error are overruled.
 THIRD ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN FINDING THAT APPELLEE'S REFUSAL TO REZONE APPELLANT'S PROPERTY WAS NOT A VIOLATION OF APPELLANT'S RIGHT TO EQUAL PROTECTION"
In 1996, the Board approved a proposal to rezone a 198 acre tract of nearby land known as the Oberer property. The Oberer plan allowed for three houses per acre of land, while the Plaintiffs' plan would allow an average of less than two houses per acre. However, the magistrate found that the disparate treatment of the two parcels was justified because the Oberer development is located much closer to an interstate highway and a busy commercial area than the Plaintiffs' tracts, and that access to the Oberer property is served by an already busy four-lane street while access to the Plaintiffs' land is served by two-lane roads. The Plaintiffs argue that their property is similarly situated to the Oberer property, and therefore the Board violated the Equal Protection Clause of the Fourteenth Amendment by refusing to grant the application for rezoning.
The magistrate and the trial court found that the Plaintiffs had failed to demonstrate that there was no rational basis for the Board to deny their application for a change of zoning while the Board approved the application for the substantially similar Oberer development. However, "while the rational basis standard is applied to equal protection challenges to statutory classifications that do not involve a fundamental right or suspect class, it does not apply to equal protection challenges based on disparate treatment." Stratford Chase Apts. v. Columbus
(2000), 137 Ohio App.3d 29.
"When a party argues that a law that is fair and impartial on its face is applied in a manner that improperly discriminates between similarly situated persons, a different standard is applied. Under this standard, "there is no denial of equal protection unless an element of intentional or purposeful discrimination is shown." [State ex rel. Hilliard CommonsCondominium Assn. v. Columbus (Aug. 17, 1999), Franklin App. No. 98AP-1135], citing Snowden v. Hughes (1944), 321 U.S. 1, 64 S.Ct. 397,88 L.Ed. 497; Cahill v. Lewisburg (1992), 79 Ohio App.3d 109, 116,606 N.E.2d 1043, 1047-1048. Furthermore, because the good faith of government officials is presumed, the complaining party bears the burden of proving intentional and purposeful discrimination. Aurora v. SeaLakes, Inc. (1995), 105 Ohio App.3d 60, 68, 663 N.E.2d 690, 694-695."Id.
Plaintiffs do not argue that the ordinance itself is unfair or partial because it classifies them differently from another group, but, rather, that the Township has applied its ordinance to them in an unfair manner. Therefore, Plaintiffs bore the burden of proving intentional and purposeful discrimination by the Township Board. Our review of the record demonstrates that the Plaintiffs did not meet this burden. While the magistrate and the trial court erred in applying rational basis review to this issue, that error is harmless because the end result is the same.
The third assignment of error is overruled.
 FOURTH ASSIGNMENT OF ERROR "THE JUDGMENT OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE"
As we stated above, a trial court is in the best position to evaluate the testimony of witnesses and the evidence presented. City ofBeavercreek, supra. We will not disturb the findings of a trial court unless the findings are against the manifest weight of the evidence.Shemo, supra.
Plaintiffs make numerous arguments that the magistrate's decision, adopted by the trial court, contains findings not supported by the evidence presented at trial. We will address these arguments in turn. However, we must first reiterate that we are nevertheless governed by the high bar in Euclid v. Ambler Realty and its progeny — that we may reverse the magistrate's decision regarding the constitutionality of the ordinance only if we find, "beyond reasonable debate," that the ordinance is "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare." In other words, an error by the magistrate on a specific finding used to support his decision regarding the constitutionality of the ordinance will not vitiate the overall correctness of the resulting decision so long as there is other competent, credible evidence to support the decision. Plaintiffs first argue that the magistrate's finding that the land contained "prime" agricultural soil is not supported by the evidence. However, the magistrate found the testimony of Steve Boeder, District Conservationist for the U.S. Department of Agriculture, and Thomas McDougall, a professional land surveyor, more persuasive than the testimony of the Plaintiffs' expert. That determination is one that is clearly within the province of the trial court's magistrate, who was in a better position to judge the credibility of the witnesses than we are. Therefore, we find that the magistrate's findings on this point are supported by competent and credible evidence.
Second, Plaintiffs argue that the magistrate's finding that the development would adversely impact traffic in the area is not supported by the evidence. The Township Planning Staff Report, authored by Jim Foster, states that "the adequacy of the adjacent public roads could be argued either way," noting that while 426 additional homes would not cause as much impact as one might expect, nevertheless, there would be some impact on the existing thoroughfares. In addition, Joseph Klosterman, a member of the Montgomery County Planning Commission, testified that the development would introduce a considerable amount of traffic on the adjacent roads, but that he was not sure if that would be a significant problem.
In the decision, it appears that the magistrate simply noted that there is fair debate on the issue of the impact of traffic on the area. We agree, and we therefore find that the magistrate's finding on this issue is supported by competent and credible evidence.
Next, Plaintiffs argue that no evidence was submitted to support the magistrate's finding that the development would adversely impact farmers. However, Klosterman testified that development in an agricultural area "usually [has] a very adverse impact" on agricultural activities. T. 215-216. For example, Klosterman noted that home development often disturbs farm drainage tiles. Therefore, on this issue we also find competent, credible evidence that supports the magistrate's finding.
Finally, Plaintiffs argue that the magistrate's finding that development outside the Urban Services Boundary is less desirable than development inside that zone is contrary to the evidence adduced at trial. The Plaintiffs take issue with the magistrate's contention that, in order to enhance the common welfare, a township should encourage growth within the Urban Services Boundary. The trial court found that the magistrate's point on this issue was merely a comment, not a basis upon which his decision rested.
We agree with the trial court's characterization of the magistrate's statements, and in addition we note that those statements are consistent with the Comprehensive Plan for Miami Township, which recommends that services not be established outside of the Service Boundary in order to encourage that type of investment within the Service Boundary. In other words, it appears that the magistrate's point on this issue is supported by competent, credible evidence in the form of the Comprehensive Plan. Even were it not, we would not interfere with his decision solely on that basis.
In sum, we find that none of the arguments raised by the Plaintiffs under the fourth assignment of error moves us to disturb the magistrate's decision, and the trial court's adoption of that decision.
The assignment of error is overruled.
 Conclusion
Having overruled the assignments of error presented, the judgment of the trial court will be affirmed.
BROGAN, J. and YOUNG, J., concur.