OPINION
{¶ 1} On July 16, 2001, appellant, Fred Sanicky, filed an application with the zoning inspector to build a single-family residence on a seventy acre parcel located in Ruggles Township. The application was denied due to lack of road frontage.
 {¶ 2} Appellant filed an appeal with appellee, the Ruggles Township Board of Zoning Appeals, seeking a variance. A hearing was held on August 28, 2001. The variance was denied.
 {¶ 3} On September 11, 2001, appellant filed an appeal with the Court of Common Pleas of Ashland County. A hearing was held on April 9, 2002. By decision and judgment entry filed July 24, 2002, the trial court affirmed appellee's decision.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "The Ashland County Court of Common Pleas erred when it found that Ruggles Township Zoning Resolution Constitutional as applied to petitioner-appellant.
 II {¶ 6} "The Ashland County Court of Common Pleas erred when it found the Ruggles Township Board of Zoning Appeals Decision was supported by a preponderance of reliable, probative and substantial evidence."
 I, II {¶ 7} Appellant claims the trial court erred in finding the zoning ordinance was constitutional as it applied to him and erred in finding appellee's decision was supported by reliable, probative and substantial evidence.
 {¶ 8} In its decision and judgment entry filed January 24, 2002, the trial court concluded the following:
 {¶ 9} "In summary, this is an Administrative Appeal, wherein no evidence of hardship was presented in the underlying hearing. Therefore, this Court finds that, upon a de novo review of the within matter, that the decision of the Board of Zoning Appeals is entitled to deference, and supported by a preponderance of reliable, probative and substantive evidence. The P/A has not met his burden to demonstrate the invalidity of the Board's decision. The decision of the Board is affirmed, accordingly."
 {¶ 10} For the following reasons, we find the trial court's decision to be in error.
 {¶ 11} First, we note there was no transcript available from appellee's hearing. Pursuant to R.C. 2506.03(A)(1), the trial court is to review the evidence de novo. Also, appellant raised the issue of the constitutionality of the zoning resolution as it applied to him and as a result, at the common pleas level, he is entitled to de novo review. The constitutional issue is within the primary jurisdiction of the trial court:
 {¶ 12} "The court is not reviewing the decision of the Board, but rather is testing the ordinances of the governmental body against the State and Federal constitutions. The issue is presented in the same manner before the court whether raised by administrative appeal or declaratory judgment." SMC, Inc. v. Laudi (1975), 44 Ohio App.2d 325,551.
 {¶ 13} We find the trial court could not have reasonably exercised a de novo review as stated in its decision, for it found "no evidence of hardship was presented in the underlying hearing." Testimony was presented to the trial court indicating hardship was "talked about" during appellee's hearing. T. at 53. When no transcript is available, it is axiomatic the trial court must conduct a de novo review of the evidence.
 {¶ 14} Appellee argues because the hardship issue was not presented during the underlying hearing, appellant was estopped from presenting the issue at the de novo review.[1] We disagree with this argument based upon a plain reading of R.C. 2506.03 which states as follows:
 {¶ 15} "If any circumstance described in divisions (A)(1) to (5) of this section applies, the court shall hear the appeal upon the transcript and such additional evidence as may be introduced by any party. At the hearing, any party may call, as if on cross-examination, any witness who previously gave testimony in opposition to such party."
 {¶ 16} Based upon the above reasoning, it is now the task of appellate review to determine if the zoning resolution is unconstitutional as it applies to appellant.
 {¶ 17} This appellate district espouses the belief that the power to grant a variance has its genesis in R.C. 519.14(B) which states as follows:
 {¶ 18} "The township board of zoning appeals may:
 {¶ 19} "(B) Authorize, upon appeal, in specific cases, such variance from the terms of the zoning resolution as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the resolution will result in unnecessary hardship, and so that the spirit of the resolution shall be observed and substantial justice done."
 {¶ 20} The standard to be applied sub judice is the unnecessary hardship test. Zickefoose v. Board of Zoning Appeals Green Twp.
(September 7, 2000), Licking App. No. 99COA01307.
 {¶ 21} Appellant argues the denial of his request for a frontage variance was unconstitutional and the zoning regulations deny him an economic viable use of his property.
 {¶ 22} In Giambrone v. Aurora (1993), 85, Ohio App.3d 758, 761-762, our brethren from the Eleventh District explained the following:
 {¶ 23} "In order to invalidate a zoning ordinance, the challenging party must demonstrate, beyond fair debate, that the zoning classification denies him the economically viable use of his land without substantially advancing a legitimate interest in the health, safety or welfare of the community. Columbia Oldsmobile, Inc. v. Montgomery (1990),56 Ohio St.3d 60, 62, 564 N.E.2d 455, 457-458; Ketchel v. BainbridgeTwp. (1990), 52 Ohio St.3d 239, 243, 557 N.E.2d 779, 782-783. Thus, a two-part analysis is conducted to determine the constitutional validity of the zoning regulation.
 {¶ 24} "`The first hurdle that a plaintiff challenging the constitutionality of a zoning regulation must clear is "economic infeasibility." Ordinarily, a zoning regulation is not confiscatory so long as the owner is not deprived of the reasonable use of his property.'Zeltig Land Dev. Corp. v. Bainbridge Twp. Bd. of Trustees (1991),75 Ohio App.3d 302, 307, 599 N.E.2d 383, 386, citing ColumbiaOldsmobile, supra, and Valley Auto Lease of Chagrin Falls, Inc. v. AuburnTwp. Bd. of Zoning Appeals (1988), 38 Ohio St.3d 184, 527 N.E.2d 825, syllabus.
 {¶ 25} "It is also well settled that a zoning regulation which deprives an owner of all uses except those which are highly improbable or practically impossible under the circumstances is impermissibly restrictive. Zeltig, 75 Ohio App.3d at 307, 599 N.E.2d at 386; ColumbiaOldsmobile, 56 Ohio St.3d at 62, 564 N.E.2d at 457-458; Valley AutoLease, 38 Ohio St.3d at 186, 527 N.E.2d at 827-828."
 {¶ 26} Appellant filed an application for a variance to obtain a building permit on a parcel which at the time of purchase had 130 feet of road frontage on a dedicated road. The minimum lot width is 350 feet. See, Section 3(300)(3)(b) of the Ruggles Township Zoning Resolution, attached to Appellant's Trial Brief as Exhibit B. The parcel is within a "General Farm District" wherein permitted uses include agriculture and single-family dwellings. Id. at Section 3(300)(1)(a) and (b). Section 4(452) defines a variance as follows:
 {¶ 27} "A variance is a relaxation of requirements where such variance will not be contrary to the public interest and where owing to conditions peculiar to the property and not the result of actions of the applicant, a literal enforcement of this Resolution would result in unnecessary and undue hardship."
 {¶ 28} The general purpose of a "General Farm District" is "[t]o protect and maintain the openness and rural character of the countryside. To provide areas for rural development of various kinds where the General Farm District is appropriate." Id. at Section 2(200).
 {¶ 29} As explained in Cole v. Bd. of Zoning Appeals for MarionTwp. (1973), 39 Ohio App.2d 177, 182, the standards set forth in R.C. 519.14 for granting a variance are as follows:
 {¶ 30} "Thus the standards set forth in the statute for the granting of a variance by a township board of zoning appeals are four: (1) the variance will not be contrary to the public interest; (2) owing to special conditions literal enforcement of the resolution will result in unnecessary hardship; (3) the spirit of the zoning resolution shall be observed; and (4) substantial justice shall be done."
 {¶ 31} The inquiry for review is whether the record establishes that appellant will suffer an undue hardship with the frontage requirement of 350 feet. The parcel involved is approximately 70.9 acres in a farming and rural residential area. T. at 34, 35. Appellant requested a variance to build a single-family residence on the property. T. at 34-35. There was a purchase contract on the property as a residential lot for a price of $135,000. T. at 35. Within the area are three residential parcels of less than two acres in size each. T. at 37. Appellant unsuccessfully attempted to purchase additional frontage from adjoining property owners. T. at 38. Appellant could plat his property for residential use, but he must have a minimum of three lots and build a road. T. at 39-40. A single dwelling could be built well off the road which would preserve the rural nature of the township. T. at 44-45. Water is available and no other governmental sewer or sanitary facilities would be necessary. T. at 45-46. The residence would be easily accessible to safety forces, and a single-family unit would not increase the traffic substantially. T. at 46.
 {¶ 32} The property's value for a residence is $135,000 whereas its agricultural value is a negative value. T. at 47. The property has no value for commercial or industrial use with the present zoning. T. at 48.
 {¶ 33} Appellant purchased the property in 1995. The properties adjoining appellant's property consist of three separate parcels that bottleneck appellant's property. T. at 62. The original acreage was never owned by appellant. Id. Appellant no longer lives in the adjacent area. T. at 73. He currently farms the property with corn and beans and rents two additional lots for farming. After making payments on the property's mortgage, appellant nets $1,600 for the year from all his farming. T. at 76. As a farm tract, appellant had an offer of $1,000 per acre. T. at 77.
 {¶ 34} Board members testified and admitted a single-family dwelling on seventy plus acres would not deviate from the rural nature of the area and would not create any burden on the governmental entity. T. at 96. Other residences are in the area with considerably less acreage. T. at 106. When appellant purchased the property, the frontage then violated the frontage requirements of the zoning resolution. T. at 137-139.
 {¶ 35} As explained by Scott Wonders, a past trustee involved in drawing up the current zoning resolutions, historically the increased frontage and increased lot size were done to keep the township "an agrarian-type society." T. at 143-144. Mr. Wonders explained "[w]e didn't want to see, you know, very small postage-stamp lots with houses just boom, boom, boom up and down the road." T. at 144. He conceded a seventy acre lot would not be a "small postage-stamp lot." T. at 150.
 {¶ 36} By employing the standard enumerated in Cole, supra, we find the public interest will not be thwarted by permitting a single-family dwelling on seventy plus acres with 130 feet of frontage. We further find appellant would suffer an unnecessary hardship due to the variance denial because the property's economic use is minimal and he cannot live on the property unless he develops it with a road. This single request for a single-family residence on a large bottlenecked parcel is within the spirit of the zoning resolutions. In addition, appellant will be forced to accept a reduced value for the property as its sale for a residence is twice as profitable as a sale for farming use only.
 {¶ 37} On these particular facts, we find an undue hardship has been proven and the zoning resolution as it applies sub judice is unconstitutional.
 {¶ 38} Assignments of Error I and II are granted.
 {¶ 39} The judgment of the Court of Common Pleas of Ashland County, Ohio is hereby reversed.
By Farmer, J., and Edwards, J. concur.
Hoffman, P.J., dissents.
[1] Appellee argues the testimony of its secretary, JoAnne McKinley, wherein she testified that appellant did not present the hardship issue during the underlying hearing, was sufficient to support the trial court's conclusion. T. at 123.