Cole, Appellant, *v.* Bd. of Zoning Appeals for Marion Township, Appellee.

178

(No. 5-73-13—Decided November 1, 1973.)

*Mr. John T. Patterson,* for appellant.

*Mr. Carl William Hinton,* prosecuting attorney, for appellee.

GUERNSEY, P. J.    Timothy A. Cole, appellant in the Court of Common Pleas and in this Court, is the owner of a tract of land located in Marion Township, Hancock County, Ohio, which was formerly used for the storage of surplus grain under federal farm programs and located, under the provisions of the township zoning resolution, in an A-1 Agricultural District. Desiring to use the land for commercial purposes not permitted in such district, Cole made application to the township zoning inspector on December 19, 1972, for a use permit for the proposed uses of "Trailer Hitch and Truck Camper Sales, Installation and Service" and, if a permit for such proposed uses was denied, for a variance. The zoning inspector denied the application and on January 29, 1973, the matter came on to be heard by the township board of zoning appeals on the issue of the variance. On that date the board members unanimously denied same setting forth in the board's resolution:

"Upon the consideration of the application of Tim Cole for a variance, based upon the application and the testimony presented to the board it is found that *no unusual or practical difficulties or particular hardship* was shown to warrant a variation from the zoning plan as established by the resolutions [sic]." (Emphasis added.)

Cole thereupon filed his appeal in the Common Pleas Court of Hancock County and, the transcript of the proceedings before the board of zoning appeals containing none of the testimony there adduced, sought permission to introduce additional evidence, which was granted. Upon hearing Cole testified that the land in question was "all covered with this gravel;" that for nine years he had done some welding in the building on the premises, put on trailer hitches and stored equipment in it; that he wanted to sell farm trailers or travel trailers from the land; that the primary "purpose" of the premises would be "the getting ready and the sale of these equipment;" that he didn't believe the land could be farmed because "It's about all gravel;" and that the only other thing he could do with the building would be to sell it. Before concluding his testimony Mr. Cole acknowledged that since filing his application for a variance he had decided that he no longer wanted to sell truck campers.

No evidence was offered to show, and there is no claim of qualification by reason of, any non-conforming use and no evidence was offered showing the effect that the proposed variant use would have on surrounding properties.

The township zoning resolution purports to give the board of zoning appeals the power and duty to grant the following "variation":

"(c) Authorize upon appeal: whenever a property owner can show that a strict application of the terms of the Resolution relating to the use, construction, or alterations of buildings or structures or the use of the land will impose upon him *unusual and practical difficulties or particular hardship*—such variations of the strict application of the terms of this Resolution as are in harmony with its general purpose and intent; but only when the Board is

satisfied that a granting of such variation will not merely serve as a convenience to the applicant, but will alleviate some demonstrable and *unusual hardship, or difficulty so great as to warrant a variation* from the zoning plan as established by this Resolution, and provided that, at the same time, they are satisfied that the surrounding property will be properly protected." (Emphasis added.)

In his written "decision" the trial judge recited that during the testimony of Cole it developed that the site was not used for "Truck, Camper Sales, Installation and Service", and Mr. Cole no longer desired to use the premises for such purpose and that "This being the fact, it appears that the Application for a Variance becomes moot and certainly there can be no unusual or practical difficulty or unnecessary hardship if it is not to be used for such purposes now" and the "plaintiff is not denied the use of the property for the purpose originally stated in his application." The court's journal entry was then filed, the Court finding "that premises was no longer used for the purposes that the appellant applied for a variance and therefore this question becomes moot," and the Court ordering that "the appeal is hereby denied and the matter remanded to the Marion Township Board of Zoning Appeals with instruction to enter an order consistent with the finding of this Court."

The appellant assigns error of the common pleas court (1) in dismissing the appeal on the ground that the question was moot "for the reason that appellant had modified the use of the premises in question to include only one of the several uses for which variance * * * was requested;" (2) in dismissing the appeal "on the finding that no unusual or practical difficulty or unnecessary hardship was shown, when on the fact of the zoning resolution * * * it is apparent that the resolution and the discretion that it purports to vest in the board of zoning appeals far exceeds the limits of the grant of power by the Ohio General Assembly, thus rendering the Board of Zoning Appeals powerless to legally deny to a landowner free use of his property located in the township;" (3) in denying the appeal "when it is ap-

parent on the face of the Zoning Resolution and R. C. 519.-14, that for the Board of Zoning Appeals to grant or withhold variances, absent sufficient criteria to guide them, under a Zoning Resolution which enlarges the grounds for such variances to include unusual or practical difficulties, constitutes an unconstitutional deprivation of appellant's property on personal whim and opinion, without force of law as opposed to carefully defined legal grounds.''

We first consider the second assignment of error. Although the document entitled ''decision'' filed by the trial court reflects the rationale of the court, it constitutes merely the opinion of the court and not its judgment. The judgment is contained in the journal entry, through which the court speaks, and in that entry there is no finding ''that no unusual or practical difficulty or unnecessary hardship was shown.'' The judgment of dismissal rests solely on the finding contained in the journal entry that the question before the court had become moot. The premise on which the second assignment of error is based is not a valid premise and we conclude that the assignment is without merit.

The third assignment of error highlights the discrepancy existing between the provisions of the township zoning resolution as to the granting of a variance and the provisions of R. C. 519.14 dealing therewith. The police power from which authority to zone arises rests with the State of Ohio and may be exercised by the political subdivisions thereof only to the extent delegated. Under R. C. 519.02 the General Assembly has delegated to boards of township trustees the authority to regulate the use of lands in the township and under R. C. 519.14 the manner in which a township board of zoning appeals may authorize a variance is set forth. A board of township trustees may not provide in its zoning resolution for the granting of a variance in any manner inconsistent with the provisions of R. C. 519.14. That section prescribes in pertinent parts:

''The township board of zoning appeals shall have the following powers:

'' * * *.

''(B) To authorize, upon appeal, in specific cases, such

variance from the terms of the zoning resolution as will not be contrary to the public interest, where owing to special conditions, a literal enforcement of the resolution *will result in unnecessary hardship,* and so that the spirit of the resolution shall be observed and substantial justice done. [Emphasis added.]

" * * * "

Thus the standards set forth in the statute for the granting of a variance by a township board of zoning appeals are four: (1) the variance will not be contrary to the public interest; (2) owing to special conditions literal enforcement of the resolution will result in unnecessary hardship; (3) the spirit of the zoning resolution shall be observed; and (4) substantial justice shall be done. The power to grant a variance is derived from the statute and not the zoning resolution and any provisions of a township zoning resolution purporting to create more stringent or more liberal standards for the granting of a variance than those set forth in R. C. 519.14 are invalid and unenforcible, not because they are unconstitutional, but because they exceed the legislative authority delegated to the board of township trustees and the powers given to the township board of zoning appeals by the General Assembly.

It is obvious that the provisions of the zoning resolution complained of by the appellant purporting to give the board of zoning appeals authority to grant a variance when use of the land will impose upon the owner "unusual and practical difficulties" tend to apply a different standard than permitted by R C. 519.14. Additionally, the adjectival modification of the word "hardship" by the words "particular" or "unusual"' are not the equivalent of the statutory adjective, "unnecessary."

To the extent then that hardship is defined as and limited to anything other than, or the equivalent of, *unnecessary* hardship that part of the township zoning resolution dealing with the authorization of variances by the township board of zoning appeals is invalid and inoperative. However, this is not a matter of which the appellant may now complain for the standards set forth in the zoning res-

olution and applied in the resolution of the board of zoning appeals are more lenient in the appellant's favor than is the statutory standard and the appellant could not have been prejudiced by the application of such lenient standards to his situation. We find the third assignment of error without merit.

We then turn back to the first assignment of error respecting the mootness of the appeal to common pleas court. Reference to the court's journal entry (as well as to its "decision") demonstrates that the court misconstrued the factual situation in concluding and finding that the premises are no longer used for the purposes for which the appellant applied for a variance. The evidence, without dispute, was that notwithstanding that the appellant had abandoned any purpose to use the premises for the sale of truck campers he still desired to use the premises for all of the other matters set forth in his application for a variance. The issue of whether the application for a variance should be granted had not, therefore, become moot in its entirety but the scope of the purposes for which the variance was sought had merely become diminished. Are we then required to remand the cause to the common pleas court to pass upon the merits of the appeal by determining whether the decision of the board of zoning appeals denying the variance is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable and probative evidence on the whole record (R. C. 2506.04) or are we required, because the board of zoning appeals did not consider the limited purposes of the application for variance after some of its purposes had been abandoned, to remand the matter to that board for such consideration? Were a discretion involved one of such remands might be required but in the circumstances here we are of the opinion that neither of such remands is required or would be appropriate. In view of the fact that the appellant's only evidence of hardship in using the property as zoned was his testimony that he didn't believe that it could be farmed because "It is about all gravel," which testimony did not exclude its use for

any other purpose permitted in an agricultural zone and in view of the fact that he offered no testimony as to the impact of the variance on surrounding property, i. e., that the variance will not be contrary to the public interest, he has not met with sufficient evidence his burden of proving that he was entitled to the variance. In these circumstances it was necessary that the board of zoning appeals deny his application not as a matter of their discretion but as a matter of law. The board of zoning appeals having denied his application, whatever may have been their reason, it was also incumbent upon the common pleas court, because it could not, in the face of such failure of proof, find the decision of the board of zoning appeals unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable and probative evidence on the whole record, to affirm such decision as a matter of law.

Thus, we reverse and vacate the judgment of the common pleas court dismissing the appeal from the board of zoning appeals and we render the judgment the common pleas court should have rendered and affrm the decision of the board of zoning appeals.

*Judgment accordingly.*

MILLER and CRAWFORD, JJ., concur.
CRAWFORD, J., of the Second Appellate District, sitting by designation in the Third Appellate District.