OPINION
{¶ 1} Plaintiff-appellant Jeffrey Williamson appeals from the May 15, 2002, Judgment Entry of the Licking County Court of Common Pleas affirming the decision of the Newton Township Board of Zoning Appeals denying plaintiff-appellant's request for variance.
 STATEMENT OF THE FACTS AND CASE {¶ 2} At all relevant times, appellant stored semi-trailers on his property located in an agricultural district in Newton Township. After the Newton Township Board of Zoning Appeals upheld the decision of the Newton Township Zoning Inspector that appellant's use of the property was not a permitted use under the Newton Township Zoning Resolution[1], appellant applied for a variance. Appellant, in his application for a variance, described the nature of the variance as follows: "[t]o retain use of semi trailers for personal storage, rasing (sic) animals in, making minor repairs on, and occasional sales of trailers." Appellant wanted to store approximately 20 semi-trailers on his property.
 {¶ 3} A variance hearing was held before the Newton Township Board of Zoning Appeals on July 9, 2001. The Board of Zoning Appeals denied appellant's request for a variance after meeting on August 4, 2001. Subsequently, the Board of Zoning Appeals, after meeting again on November 8, 2001, issued an opinion containing findings of fact and conclusions of law explaining its rationale for denying appellant's request for a variance. The Board of Zoning Appeals, in its decision, held, in relevant part, as follows:
 {¶ 4} "7. Neither personal difficulties, nor matters of convenience or profit are proper reasons to grant a variance. Personal hardship does not equate to unnecessary hardships. Variances are granted for land use reasons and run with the land. The Board finds that the applicant in this case is requesting a variance for his own convenience and profit.
 {¶ 5} "8. The Boards further finds that the semi-trailers on the Applicant's property were brought to the property independent of any hardship. Any hardship the Applicant has suffered was therefore self-created.
 {¶ 6} "9. The Board further finds that the placement of semi trailers on the Applicant's property would result in an eyesore and would detract from the aesthetics and property values of surrounding properties.
 {¶ 7} "10. The Board further finds that the Applicant's semi-trailers were not being put to any agricultural uses and were thus subject to the provisions of the Newton Township Zoning Resolution. The Board notes that the Applicant's cash investment in the trailers would have been more beneficial if applied toward maintenance and upkeep of the agricultural storage buildings located on the applicant's property."
 {¶ 8} Thereafter, appellant appealed the decision of the Newton Township Board of Zoning Appeals to the Licking County Court of Common Pleas. After both parties filed briefs, the trial court, as memorialized in a Judgment Entry filed on May 15, 2002, affirmed the decision of the Board of Zoning Appeals. The trial court, in its entry, specifically held, in part, as follows:
 {¶ 9} "In this case, the record reveals that the appellant presented no evidence demonstrating that he met the requirements for granting a variance as set forth in Section 5.11 of the zoning resolution. The appellant presented no credible evidence concerning an "unnecessary hardship." The evidence presented convinces this Court that the appellant's application for a variance was based on grounds of convenience or profit."
 {¶ 10} Appellant filed his notice of appeal on June 6, 2002. His pro se brief fails to set out any Assignments of Error, as required by App.R. 16(A)(3). However, in the interest of justice, we glean the following Assignment of Error from the brief (see Helfrich v. City ofPataskala Planning Zoning (Feb. 22, 2001), Licking App. No. 00CA82):
 {¶ 11} The trial court erred in affirming the decision of the Newton Township Board of Zoning Appeals denying appellant's request for a variance.
 I {¶ 12} Appellant, in his sole assignment of error, challenges the trial court's order affirming the decision of the Newton Township Board of Zoning Appeals denying appellant's request for a variance.
 {¶ 13} In an administrative appeal, the court of common pleas acts as an appellate court in reviewing administrative proceedings. The court should presume validity of the Board's determination, and the burden of showing invalidity rests on the appealing party. C. Miller Chevrolet,Inc. v. Willoughby Hills (1974), 38 Ohio St.2d 298, 313 N.E.2d 400. Pursuant to R.C. 2506.04, the court of common pleas may find the administrative order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of the evidence on the record. Thus, the court of common pleas' standard of review in an administrative appeal is to determine whether the decision of the administrative agency is supported by a preponderance of reliable, probative, and substantial evidence in the record. See Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 465 N.E.2d 848
and Pudukovich v. Lorain Metro. Hous. Auth. (1979), 58 Ohio St.2d 202,389 N.E.2d 113.
 {¶ 14} In contrast, when the case comes before us, our standard of review under R.C. 2506.04 is more limited in scope. Menkey v. YoungstownBd. Of Zoning Appeals 90 Ohio St.3d 142, 2000-Ohio-493, 735 N.E.2d 433. As a court of appeals, we are required to affirm the common pleas court unless we find, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence. Smith v. Granville Twp. Bd of Trustees (1998),81 Ohio St.3d 608, 613, 693 N.E.2d 219. This determination is tantamount to evaluating whether the trial court abused its discretion. See Kisil, supra., at n. 4. Abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 15} Thus, the issue for determination by this Court is whether the trial court abused its discretion in affirming the decision of the Newton Township Board of Zoning Appeals denying appellant's request for a variance. Section 5.11 of the Newton Township Zoning Resolution[2]
provides, in relevant part, as follows:
 {¶ 16} "The Board of Zoning appeals may authorize upon appeal in specific cases such variances from the terms of this resolution as will not be contrary to the public interest where, owing to special conditions, a literal enforcement of the provisions of the resolution would result in unnecessary hardship. No nonconforming use of neighboring lands, structures, or buildings in the same district and no permitted or nonconforming use of lands, structures, or buildings in other districts shall be considered grounds for issuance of the variance. Variances shallnot be granted on the grounds of convenience or profit, but only wherestrict application of the provisions of this resolution would result inunnecessary hardship." (Emphasis added).
 {¶ 17} An "unnecessary hardship" does not exist unless the property is not conducive to any of the uses permitted by the zoning resolution. See Fox v. Johnson (1971), 28 Ohio App.2d 175, 181,275 N.E.2d 637 and Chate Towing, LLC v. Springfield Twp., Summit App. No. 20632, 2001-Ohio-1943. Moreover, "a hardship is not considered `unnecessary' if the landowners imposed the hardship upon themselves."Chate, citing Consol. Mgmt., Inc. v. Cleveland (1983), 6 Ohio St.3d 238,242.
 {¶ 18} As is stated above, the Board of Zoning Appeals denied appellant's request for a variance, finding that appellant had failed to satisfy the terms of the above zoning resolution. The Board of Zoning Appeals specifically held, in part, that appellant that failed to establish that "strict application of the provisions of the resolution would result in unnecessary hardship."
 {¶ 19} Upon our review of the record, we find that, at the July 9, 2001, hearing before the Newton Township Board of Zoning Appeals, appellant failed to present any evidence establishing that he met the requirements for a variance. During such hearing, appellant testified as follows with respect to the element of unnecessary hardship:
 {¶ 20} ". . .The board needs to know that I would have never bought 30 trailers using borrowed money if I had not thought I was perfectly within my legal rights to do so. I had been told on October 19th, 1999, I could disregard a violation notice that had been sent to me from the zoning inspector, Linda Rauch, and that was when I had between 15 to 20 trailers. Therefore, this whole situation has created much hardship and stress for myself and all the members of my family.
 {¶ 21} "I need the temporary allowance for 30 trailers until I can get rid of at least ten of them. I am currently paying $100 per month for a lot to hold some of the trailers that were bought when I was still not in any considered violations. I feel that in 90 days I could have the amount of trailers down to 20, and once down to 20 I would agree not to have more than 20 trailers at any one time unless I come back to the board for approval. I need to have 20 trailers is mainly due to the fact that I need five to ten for my own person storage and that the companies I buy trailers from most of the time only sell in group lots of five or ten at a time. As has been shown in several pictures before, there can be 25 trailers sitting there where I park them and you can — only looks like there are four to six." Transcript at 7-8. As noted by the trial court in its decision, "the evidence presented convinces this Court that the appellant's application for a variance was based on grounds of convenience or profit." In short, appellant never demonstrated that "the property is unsuitable to any of the permitted uses as zoned." See Chate,
supra. and Cole v. Bd. of Zoning Appeals (1973), 39 Ohio App.2d 177,183-184, 317 N.E.2d 65.
 {¶ 22} Appellant, in his brief, further argues that the Newton Township Zoning Resolution has been selectively enforced and that the Board of Zoning Appeals has acted in a biased manner towards him. However, the only issue before the Board of Zoning Appeals was the issue of whether or not appellant was entitled to a variance based on the criteria set forth in the Newton Township Zoning Resolution. The issue of whether or not the zoning resolution has been selectively enforced is not relevant as to whether appellant met the criteria for a variance.
 {¶ 23} Based on the foregoing, we find that the trial court did not abuse its discretion in affirming the decision of the Newton Township Board of Zoning Appeals denying appellant's request for a variance.
 {¶ 24} Appellant's assignment of error is, therefore, overruled.
 {¶ 25} Accordingly, the judgment of the Licking County Court of Common Pleas is affirmed.
By Edwards, J., Farmer, P.J. and Boggins, J. concur.
topic: In Re: Variance — Abuse of Discretion.
[1] The Newton Township Zoning Resolution states in Article 10, Sections 10.1 and 10.2 that the use of semi trailers for storage or resale is not a permitted use in an agricultural district.
[2] Such section, in part, mirrors R.C. 519.14.