OPINION
{¶ 1} Appellant, American Outdoor Advertising, Inc. ("American"), appeals a Union County Common Pleas Court decision affirming an order of the Jerome Township Board of Zoning Appeals ("BZA") that denied an application for a variance regarding the construction of a billboard. On appeal, American claims that the trial court, in finding that its request was for a use variance, employed the wrong standard of review for determining whether a variance should have been issued. However, regardless of whether the application was for a use or area variance, R.C. 519.14 mandates that township boards of zoning appeals use the "unnecessary hardship" standard when deciding whether to grant any variance. In applying the proper standard, a preponderance of the evidence supported the trial court's decision that American did not make a showing of unnecessary hardship; thus, we affirm the decision.
 {¶ 2} American entered into a ten-year lease with John and Melissa Fenchak for a portion of land abutting U.S. Route 33 to construct a billboard for advertising purposes. Thereafter, American received permits from the Ohio Department of Transportation ("ODOT") that would allow construction of the billboard up to twenty-five feet from the highway. The permit from ODOT, however, was conditioned upon any additional restrictions from local authorities.
 {¶ 3} Accordingly, American sought a building permit from the Jerome Township Zoning Inspector to construct the billboard twenty-five feet from the highway, but was informed that a permit could not issue because the minimum setback from U.S. Route 33 for a billboard in excess of one hundred square feet is two hundred feet. In response, American petitioned the BZA for a variance that would allow construction of the billboard with a fifty-foot setback, instead of its initial request of twenty-five feet. American claimed that without a variance, proposed buildings surrounding the area would block the billboard from view on U.S. Route 33. After a public hearing, the BZA denied American's request.
 {¶ 4} American appealed the BZA decision to the Union County Common Pleas Court. The trial court affirmed, finding that a preponderance of the evidence supported the BZA decision. American appeals the trial court's decision and asserts a single assignment of error for our review.
Assignment of Error I
 The trial court abused its discretion by affirming the decision of the Jerome Township Board of Zoning Appeals based upon a misapplication of the standards set forth in Chapter 2506 of the Ohio Revised Code and in Duncan v. Village of Middlefield, 23 Ohio St.3d 83.
 {¶ 5} In administrative appeals filed pursuant to R.C. Chapter 2506, trial courts must decide whether the administrative record contains a preponderance of substantial, reliable, and probative evidence to support the board's decision.[1] In so doing, the court is cautioned not to substitute its own judgment for that of the board.[2] The appellate court's function is then limited to the determination of whether the trial court correctly applied this standard of review.[3] An appellate court must affirm the decision of the trial court unless it finds, as a matter of law, that the decision is not supported by a preponderance of substantial, reliable, and probative evidence.[4] This is tantamount to an abuse of discretion standard; therefore, an appellate court can only reverse the trial court's determination upon finding that the decision is unreasonable, arbitrary, or unconscionable.[5]
 {¶ 6} American contends that the trial court erred by classifying its application to the BZA as a use variance instead of an area variance. Further, by making such determination, American maintains that the trial court employed the wrong standard for reviewing whether a variance should have been issued. American additionally argues that the trial court's findings were not supported by a preponderance of the evidence. We disagree.
 {¶ 7} The party seeking a variance has the burden of proof on the issue before the zoning board.[6] R.C. 519.14 governs township board of zoning authority to grant a variance and states, in pertinent part:
The township board of zoning appeals may:
 * * *
 (B) Authorize, upon appeal, in specific cases, such variance from the terms of the zoning resolution as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the resolution will result in unnecessary hardship, and so that the spirit of the resolution shall be observed and substantial justice done[.][7]
 {¶ 8} In two cases involving municipal corporations, the Ohio Supreme Court adopted separate standards for determining the appropriateness of use and area variances, holding that a use variance should be granted whenever a property owner demonstrates that the literal enforcement of the zoning regulation to his property creates an "unnecessary hardship," and an area variance should be granted whenever a property owner demonstrates that a zoning regulation causes "practical difficulties."[8] However, unlike municipalities, the authority of townships to enact zoning ordinances is not inherent, nor does it derive from a constitutional provision;[9] instead, the Ohio Legislature, pursuant to R.C. Chapter 519, grants townships the authority, as a police power, to adopt and enforce zoning regulations.[10] As such, "[t]he zoning authority possessed by townships in * * * Ohio is limited to that which is specifically conferred by the General Assembly."[11]
 {¶ 9} R.C. 519.14 does not distinguish between a use and an area variance and does not mention the practical difficulties standard. Rather, R.C. 519.14(B) explicitly authorizes the granting of variances from a township resolution where "a literal enforcement of the resolution will result in an unnecessary hardship[.]" Accordingly, a township resolution that purports to create a standard for granting variances different from R.C. 519.14 is invalid and unenforceable.[12] As such, regardless of whether the application in this case was for an area or use variance, the appropriate standard is whether denial of the variance would produce an unnecessary hardship.
 {¶ 10} Unnecessary hardship results when there is no economically feasible permitted use of the property because of characteristics unique to the property.[13] "Merely stating that the land would be more valuable with the variance, or less valuable without it, does not amount to a sufficient "hardship."[14] Rather, evidence must be presented to show that the property is unsuitable to any of the permitted uses as zoned.[15] Additionally, a hardship is not considered "unnecessary" if the landowners imposed the hardship upon themselves.[16]
 {¶ 11} As an initial matter, the evidence does not reflect that anything unique about the land in question would prevent a permitted use of the property or that the property is unsuitable to any permitted uses as zoned. The area is zoned as a light manufacturing district, and no evidence was presented to show that uses allowed in such areas could not be implemented thereon.[17] Also, the land is large enough to accommodate a billboard with a two hundred foot setback, which is a permitted use. In addition, smaller signs are allowed closer to the highway for advertisement purposes.
 {¶ 12} Furthermore, in support of its request, American only submitted evidence that surrounding properties have filed site plans with the Union County Engineers Office for proposed construction of buildings closer than two hundred feet from U.S. Route 33, which could potentially block or partially block the billboard from cars traveling on the highway. Notably, American's primary contention is speculative since the proposed buildings have yet to be constructed. American neglected to submit any evidence substantiating that the billboard would in fact be obscured, instead relying on the assumption that the proposed buildings would interfere with the sight-lines from U.S. Route 33. Additionally, American provided no evidence that the buildings currently surrounding the proposed billboard site would block the sign's visibility, as the building heights range from eighteen to twenty feet and the billboard would stand thirty-five feet tall.
 {¶ 13} Based upon the evidence presented, we find that the trial court's decision was supported by a preponderance of the evidence and was not unreasonable. American failed to meet its burden of proof that not granting a variance would cause an unnecessary hardship. American's primary contentions were speculative, and no evidence supports a finding that the land could not be economically utilized in a permitted fashion under the current zoning regulations. Accordingly, we affirm the judgment of the trial court.
 {¶ 14} Based upon the foregoing, American's sole assignment of error is hereby overruled.
 {¶ 15} Having found no error prejudicial to Appellant herein, in the particulars assigned and argued, the judgment of the trial court is affirmed.
Judgment affirmed.
 BRYANT, P.J., and SHAW, J., concur.
[1] Dauterman v. Washington Twp. Bd. of Trustees (Apr. 20, 2000), Hancock App. No. 5-99-45, 2000-Ohio-1726, citing Mad River Sportsman'sClub v. Jefferson Twp. (1993), 92 Ohio App.3d 273, 277; R.C. 2506.04.
[2] Dauterman, supra, citing Dudukovich v. Lorain Metro. Hous.Auth. (1979), 58 Ohio St.2d 202, 207.
[3] Id., citing Mad River Sportsman's Club,92 Ohio App.3d at 277.
[4] Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 34.
[5] Trent v. German Twp. Bd. of Zoning Appeals (2001), 144 Ohio App.3d 7,21.
[6] Hebeler v. Colerain Twp. Bd of Zoning (1997), 116 Ohio App.3d 182,185.
[7] R.C. 519.14(B) (emphasis added).
[8] Kisil, 12 Ohio St.3d at 32; Duncan v. Middlefield (1986),23 Ohio St.3d 83, 86.
[9] Dsuban v. Union Twp. Bd. of Zoning Appeals (2000),140 Ohio App.3d 602, 608, citing Torok v. Jones (1983), 5 Ohio St.3d 31,32.
[10] State v. Crawford (May 31, 2002), Allen App. Nos. 1-01-150, 1-01-151, 1-01-152, citing Yorkavitz v. Columbia Twp. Bd. of Trustees
(1957), 166 Ohio St. 349, paragraph one of the syllabus.
[11] Dsuban, 140 Ohio App.3d at 608, quoting Bd. of Bainbridge Twp.Trustees v. Funtime, Inc. (1990), 55 Ohio St.3d 106, paragraph one of the syllabus.
[12] Id. at 609; Zickefoose v. Green Twp. Bd. of Zoning Appeals (Sept. 7, 2000), Ashland App. No. 99-COA-01307. See, also, Cole v. Bd. of ZoningAppeals for Marion Twp. (1973), 39 Ohio App.2d 177, paragraph two of the syllabus.
[13] Chafe Towing, LLC v. Springfield Twp. (Dec. 19, 2001), Summit App. No. 20632, 2001-Ohio-1943, citing Hulligan v. Bd. of Zoning Appeals
(1978), 59 Ohio App.2d 105, 109; Fox v. Shriver-Allison Co. (1971),28 Ohio App.2d 175, 181.
[14] Id.
[15] See Cole, 39 Ohio App.2d at 183-84; Chafe Towing, LLC,supra.
[16] Consol. Mgmt., Inc. v. Cleveland (1983), 6 Ohio St.3d 238,242.
[17] See Cole, 39 Ohio App.2d at 183-84.