DECISION AND JOURNAL ENTRY
{¶ 1} Defendants-Appellants Bath Township, Bath Township Deputy Zoning Inspector, and Bath Township Board of Zoning Appeals (collectively "Appellants") have appealed from a decision of the Summit County Court of Common Pleas that entered judgment in favor of Plaintiff-Appellee North Fork Properties. This Court affirms.
 I {¶ 2} The facts in the present case are as follows. On November 26, 2001, North Fork Properties ("North Fork") requested the issuance of a zoning certificate for an office building to be placed on its property, specifically parcels 04-05410, 04-06793, 04-06792, 04-06791, and 04-06790, located on the west side of North Cleveland-Massillon Road, directly west of the intersection of North Cleveland-Massillon and Ghent Hills Roads ("the property"). The Deputy Zoning Inspector denied the request on the ground that the property was located in an R-2 Residential District and North Fork intended to construct an office for business use.
 {¶ 3} On December 4, 2001, North Fork filed a Zoning Variance Application requesting a variance to use the property for an office building and for other reasonable and necessary variances. The Deputy Zoning Inspector denied the application, stating that Article X, Section 1001-6(D) of the Bath Township Zoning Resolution provided that the Bath Township Board of Zoning Appeals ("BZA") did not have the authority to permit a use where such use was prohibited by the Resolution. North Fork again requested a use variance and the Deputy Zoning Inspector denied the request.
 {¶ 4} North Fork appealed the decisions of the Deputy Zoning Inspector to the BZA on February 19, 2002. North Fork maintained that the Deputy Zoning Inspector's decision denying North Fork's application for use variance was unconstitutional and arbitrary, and that the BZA did, in fact, have the authority to grant use variances. North Fork argued that "R.C. 519.14(B) establishes the authority and [the] standard to be applied if a township authorizes its BZA to grant variances. Bath Township's variance from this standard by adding Section 1001-6(D) is contrary to R.C. 519.14(B) and is internally inconsistent with the authority and [the] standard set forth in [Section] 1001-6(B)." North Fork further argued that the "proposed office building is not a `prohibited use' because it is not identified in 301-4(T) and is a permitted use in other zoning classifications within the zoning `Resolution.'"
 {¶ 5} The BZA, like the Deputy Zoning Inspector, found that the property was located in an R-2 Residential District, and that North Fork's "proposed use of the property [was] neither permitted nor conditionally permitted in such [a] district." The BZA also found that "although [R.C. 519.14] provides permission for a township board of zoning appeals to entertain use variances, Section 1001-6 D of the Zoning Resolution, as read in concert with Section 301-4 A of the Zoning Resolution prohibits the [BZA] from entertaining use variances." As such, the [BZA] held that "the decision of the Deputy Zoning Inspector denying acceptance of [North Fork's] use variance application was not erroneous and that [North Fork's] application be and the same is hereby denied."
 {¶ 6} On March 19, 2002, North Fork appealed the decision of the BZA which affirmed the Deputy Zoning Inspector's decision denying acceptance of North Fork's variance application, the request for a variance, authority to grant a use variance and such other previous actions relating to the property located on the west side of Cleveland-Massillon Road. Upon review, the trial court noted that "the limited scope of [North Fork's] appeal [was] whether the BZA had the authority to grant a use variance based on Bath Township Resolution 1001-6(D)." Thus, "the limited issue before [the trial court was] whether the Bath Zoning Resolution [Section 1001-6(D)] and R.C. 519.14(B) [authorized] the BZA to hear use variances." The trial court found that Bath Township Zoning Resolution Section 1001-6(D) clearly limited the authority of the BZA to permit a use where such use was prohibited by the Resolution and that such a limitation "makes the Bath Township Zoning Resolution more stringent [than] the standards set forth in R.C. 519.14 and is therefore invalid and unenforceable." The trial court reversed the BZA's decision and remanded the matter to the BZA, holding that "[a]s a matter of law the BZA erred in denying North Fork's request for a hearing on the use variance since the denial is contrary to R.C. 2506.04, being unconstitutional, illegal, arbitrary, capricious, unreasonable and totally unsupported by the preponderance of reliable and probative evidence."
 {¶ 7} Appellants have timely appealed, asserting one assignment of error.
 II Assignment of Error
"THE TRIAL COURT ERRED IN FINDING AS A MATTER OF LAW THAT BATH TOWNSHIP ZONING RESOLUTION [SECTION] 1001-6(D), WHICH LIMITS THE AUTHORITY OF THE [BZA] TO GRANT USE VARIANCES, IS MORE STRINGENT THAN THE STANDARDS SET FORTH IN [R.C. 519.14] AND THEREFORE IS INVALID AND UNENFORCEABLE."
 {¶ 8} In Appellants' sole assignment of error, they have argued that the trial court erred when it concluded that Bath Township Zoning Resolution Section 1001-6(D) was invalid and unenforceable. Specifically, Appellants have argued that R.C.519.14 as amended, does lawfully permit Bath Township through its zoning resolution to deny the BZA the power to grant use variances. We disagree.
 {¶ 9} Our standard of review under the circumstances of this case is de novo because the decision of the trial court was premised upon its interpretation of R.C. 519.14 and not upon any evidentiary determination. State v. Wemer (1996),112 Ohio App.3d 100, 103 (holding that "[s]tatutory construction presents a legal issue which we review de novo."); see, also, NorthfieldCtr. Dev. Corp. v. City of Macedonia Planning Comm. (June 3, 1998), 9th Dist. No. 18547, at 11, dismissed (1998),84 Ohio St.3d 1406.
 {¶ 10} In the instant matter, Appellants have argued that R.C. 519.14 is not inconsistent with, and therefore compatible to, Bath Township Zoning Resolution Section 1001-6(D). R.C.519.14, provides in pertinent part:
"The township board of zoning appeals may:
"(A) Hear and decide appeals where it is alleged there is error in any order, requirement, decision, or determination made by an administrative official in the enforcement of [R.C. 519.02] to [R.C. 519.25], or of any resolution adopted pursuant thereto;
"(B) Authorize, upon appeal, in specific cases, such variance from the terms of the zoning resolution as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the resolution will result in unnecessary hardship, and so that the spirit of the resolution shall be observed and substantial justice done;
"(C) Grant conditional zoning certificates for the use of land, buildings, or other structures if such certificates for specific uses are provided for in the zoning resolution.
"(D) Revoke an authorized variance or conditional zoning certificate granted for the extraction of minerals, if any condition of the variance or certificate is violated."
 {¶ 11} Bath Township Zoning Resolution Section 1001-6, provides that the Board has certain powers. That section states:
"A. To hear and decide appeals where it is alleged there is an error on any order, requirements, decision, or determination made by the Zoning Inspector in the enforcement of this Resolution.
"B. To authorize upon appeal in specific cases, such variance from the terms of this Resolution as will not be contrary to the public interests, where owning to special conditions, a literal enforcement of the Resolution will result in unnecessary hardship and so that the spirit of the Resolution shall be observed and substantial justice done.
"C. To grant conditional zoning certificates for the use of land, buildings, or other structures as special exceptions to this Resolution and as specifically provided for elsewhere in this Resolution.
"D. The Board of Zoning Appeals shall have no authority to permit a use where such use is prohibited by this Resolution.
"E. Review site plans in accordance with Section 301-5." (Emphasis omitted.)
 {¶ 12} The trial court, Appellants have argued, erroneously relied upon the Third Appellate District's decision in Cole v.Bd. of Zoning Appeals (1973), 39 Ohio App.2d 177, which held:
"The power [of the township board of zoning appeals] to grant a variance is derived from the statute and not the zoning resolution and any provisions of a township zoning resolution purporting to create more stringent or more liberal standards for the granting of a variance than those set forth in R.C. 519.14
are invalid and unenforcible [sic], not because they are unconstitutional, but because they exceed the legislative authority delegated to the board of township trustees and the powers given to the township board of zoning appeals by the General Assembly." Cole, 39 Ohio App.2d at 182.
 {¶ 13} Appellant has pointed out that the Cole court relied upon the version of R.C. 519.14 that contained the word "shall" in the first sentence of the statute; the statute read: "The township board of zoning appeals shall * * * [.]" The current version of R.C. 519.14, effective July 22, 1974, replaced the word "shall" with the word "may" and now reads: "The township board of zoning appeals may[.]" Based on this fact, Appellant has contended that "[t]he provision significantly changes the powers of the [BZA] in a township. It is submitted before this Court that the change of the word `shall' to `may' renders theCole case inapplicable in this situation." In short, Appellants have contended that R.C. 519.14 allows a township to give a zoning board the power to grant a use variance, but it is not mandated to do so.
 {¶ 14} North Fork, on the other hand, has argued that Appellants' reliance on the change in R.C. 519.14 is without merit for several reasons: 1) the legislative history of R.C.519.14 "clearly indicates that the purpose of the change was to grant power to[townships] with respect to revoking variances and conditional use permits"; 2) "[t]he use of the word `may' in the statute simply reflects the fact that a township zoning resolution does not have to provide for items such as conditional zoning certificates"; and 3) the reasoning in Cole is not based solely on the word "shall" in R.C. 519.14, but the Cole court focused on the fact that a township derives its power from statute and not from the Ohio Constitution.
 {¶ 15} After reviewing relevant case law, this Court finds that the Cole decision is applicable to the instant matter, despite the change in statutory language of R.C. 519.14. The statutory change had no effect on the applicability of Cole
because that case simply explained that the zoning power of a township is a police power delegated to the township by the General Assembly and that any zoning regulation or rule that violates an explicit statutory command of the General Assembly is invalid and unenforceable. Cole, 39 Ohio App.2d at 182; see, also, Dsuban v. Union Township Board of Zoning Appeals (2000),140 Ohio App.3d 602, 607.
 {¶ 16} Moreover, we find that the statutory change in R.C.519.14 did not change the fact that the legislature intended a board of zoning appeals to have the power to "[a]uthorize, * * * such variance from the terms of the zoning resolution as will not be contrary to the public interest[.]" R.C. 519.14. Bath Township Zoning Resolution Section 1001-6(D) is clearly inconsistent with the statutory command of the General Assembly because that section provides that the BZA has no authority to permit a use variance that is prohibited by the Bath Township Zoning Resolution. Because Bath Township Zoning Resolution Section 1001-6(D) is more stringent than R.C. 519.14, we find that the trial court did not err when it concluded that that section was invalid and unenforceable. Accordingly, Appellant's assignment of error is not well taken.
 III {¶ 17} Appellants' sole assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
SLABY, P.J. and BAIRD, J. CONCUR.