SCHELLHARDT et al., Appellants,

v.

MERCER COUNTY COMMISSIONERS, BOARD
OF ZONING APPEALS et al., Appellees.

[Cite as *Schellhardt v. Mercer Cty. Commrs., Bd. of Zoning Appeals*, 182 Ohio App.3d 639, 2009-Ohio-1919.]

Court of Appeals of Ohio,
Third District, Mercer County.

No. 10–08–19.

Decided April 27, 2009.

Gregory D. Wilson for appellants.

Andrew J. Hinders, for appellees Mercer County Commissioners and Brice Blair.

William E. Huber, for appellees John and Michelle Kishler.

WILLAMOWSKI, Judge.

{¶ 1} Plaintiffs-appellants Barbara Schellhardt and others ("Schellhardt") bring this appeal from the judgment of the Court of Common Pleas of Mercer County affirming the judgment of the Mercer County Board of Zoning Appeals ("BZA"). For the reasons set forth below, the judgment is vacated, and the cause is dismissed.

{¶ 2} On November 6, 2004, John and Michelle Kishler ("the Kishlers") filed an application for a zoning variance with the BZA in order to build a garage. The BZA held a hearing on April 12, 2005, and denied the variance. The Kishlers appealed this decision, and on August 16, 2005, the trial court remanded the matter for a new hearing. On November 16, 2005, the Kishlers filed a new/amended zoning-variance application. A hearing on the new/amended application was held on January 3, 2006. The BZA granted the variance request on January 31, 2006. Schellhardt then appealed this judgment. On November 6, 2007, the trial court issued its judgment affirming the decision of the BZA. Schellhardt then appealed the judgment to this court. On May 5, 2008, this court

affirmed in part and reversed in part the judgment of the trial court. This court held that the trial court had used the wrong standard when reviewing the BZA's decision and remanded the cause for reconsideration by the trial court using the correct standard of review.

{¶ 3} On June 20, 2008, Schellhardt filed a memorandum on remand at the trial court's request. The BZA also filed its memorandum on remand on June 20, 2008. The Kishlers filed their memorandum on remand on June 23, 2008. On November 10, 2008, the trial court issued its judgment affirming the decision of the BZA, using the test set forth in *Cole v. Bd. of Zoning Appeals for Marion Twp.* (1973), 39 Ohio App.2d 177, 317 N.E.2d 65, as instructed by this court. Schellhardt appeals from this judgment and raises the following assignment of error.

> The court erred in affirming the decision of the BZA to grant the variance to [the] Kishlers and in finding that the action of the BZA is not unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence of the whole record.

{¶ 4} Before this court addresses the assignment of error raised by Schellhardt, this court notes that the BZA and the Kishlers both claim that this matter is moot because the variance has expired.

> No order of the BZA granting a variance shall be valid for a period longer than 12 months from the date of such order unless the Zoning Permit or zoning approval is obtained within such period, and the erection or alteration of a building is started or the use is commenced with such period.

Section 1143.10 of the Zoning Code for Mercer County.

> "The duty of [the court] is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. It necessarily follows that when, pending an appeal from the judgment of a lower court * * * an event occurs which renders it impossible for this court * * * to grant [the party] any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal. And such a fact, when not appearing on the record may be proved by extrinsic evidence."

*Gajewski v. Bd. of Zoning Appeals,* 8th Dist. No. 91101, 2008-Ohio-5270, 2008 WL 4519190, ¶ 20, quoting *Miner v. Witt* (1910), 82 Ohio St. 237, 92 N.E. 21, citing *Mills v. Green* (1895), 159 U.S. 651, 16 S.Ct. 132, 40 L.Ed. 293.

{¶ 5} Here, the record indicates that the Kishlers were granted their variance on January 31, 2006. Although appeals have been taken, neither a stay of the variance nor an injunction preventing construction were granted. The

Kishlers admit, via affidavit, that no attempt was made to seek an extension and construction of the garage has not begun. Thus, the variance expired on January 31, 2007, and no construction can now be done. All of the parties, including Schellhardt, agree that there is no valid variance anymore. Schellhardt asks this court to issue an opinion to prevent the Kishlers from later seeking a new variance. However, this court can grant no effectual relief because there is no variance, and there is nothing to prevent the parties from filing for a new variance if circumstances change or even from working to change the zoning regulations. In fact, the variance had expired prior to the trial court's decision on November 10, 2008. Thus, the trial court, in its role as an appellate court of the BZA's decision, should not have ruled on the issue. The issue was moot when it came back to the trial court, and the trial court should have dismissed the appeal. Thus, the case should have been dismissed without judgment. When the court of appeals finds an error by the trial court as a matter of law, the court of appeals shall reverse the judgment and may enter the judgment that should have been entered. App.R. 12(B). This court finds, as a matter of law, that the trial court erred in ruling on a moot issue and vacates that judgment. This court then enters the judgment that the trial court should have entered and dismisses the case.

{¶ 6} The judgment of the Court of Common Pleas of Mercer County is vacated. Judgment is entered dismissing the cause for being moot.

Judgment vacated
and cause dismissed.

PRESTON, P.J., and ROGERS, J., concur.