[Cite as *Faith Walk Fellowship Church v. Cleveland*, 2014-Ohio-5035.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100666**

**FAITH WALK FELLOWSHIP CHURCH**

PLAINTIFF-APPELLANT

vs.

**CITY OF CLEVELAND, ET AL.**

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-12-783304

**BEFORE:** Stewart, J., Boyle, A.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** November 13, 2014

**ATTORNEY FOR APPELLANT**

James H. Hewitt, III
Hewitt Law, L.L.C.
3043 Superior Avenue, First Floor
Cleveland, OH    44114


**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
Director of Law

BY:    Carolyn M. Downey
Assistant Law Director
City of Cleveland, Law Department
City Hall, Room 106
601 Lakeside Avenue
Cleveland, OH    44114

MELODY J. STEWART, J.:

{¶1} Appellant Faith Walk Fellowship Church owns a single-family residence in a single-family residential district. It sought a variance to use the house as a church (a permitted use in a single-family residential district) and to install a gravel parking lot for six vehicles on an adjacent, vacant lot. The application was denied on grounds that the proposed use did not conform to setback requirements, that accessory off-street parking spaces must be paved, and that Faith Walk failed to incorporate a means of screening the proposed parking spaces. The Cleveland Board of Zoning Appeals ("board") conducted a hearing on Faith Walk's appeal and denied the variance request on grounds that it would have an adverse affect on neighboring property owners, would be inconsistent with the character of the surrounding neighborhood, and that granting a variance would be contrary to the purpose and intent of the city's zoning code. The court of common pleas affirmed the board's decision. The sole assignment of error complains that the court erred by affirming the board of zoning appeals.

I

{¶2} Faith Walk argues that the board improperly focused on whether a church should be a permitted use rather than whether Faith Walk faced practical difficulties in using its property as a church without the requested variances. It maintains that a church is a permitted use for a one-family district, so the only question the board should have considered is whether Faith Walk would have practical difficulties in using the house as a church unless the variance was granted.

A

{¶3} A court of appeals can only conduct a limited review of a common pleas appellate decision in an administrative appeal — we can review the judgment of a lower court only on questions of law; we do not have the same extensive power to weigh the preponderance of

substantial, reliable, and probative evidence as is granted to the lower courts. *Henley v. Youngstown Bd. of Zoning Appeals*, 90 Ohio St.3d 142, 147, 735 N.E.2d 433 (2000).

B

{¶4} Although the house is located in a residential district, Cleveland Codified Ordinance 337.02(f)(1) permits "churches and other places of worship" if they are located not less than 15 feet from any adjoining premises in a residential district.

{¶5} We agree with Faith Walk that, all other prerequisites being met, it did not need permission from the city to convert an existing one-family house into a church. Although Faith Walk's application for a variance sought permission "to use the house * * * as a Church in a residential area," that request was unnecessary. When a zoning code permits a certain use for property, the property owner requires no further approval from the zoning authority to convert land to a permitted use.

{¶6} The difficulty for Faith Walk was that it did not satisfy the necessary prerequisites to establishing its right to convert the house to a church. Cleveland Ordinance 337.02(f)(1) permits "[t]he following buildings and uses, if located not less than fifteen (15) feet from any adjoining premises in a Residence District not used for a similar purpose: (1) Churches and other places of worship, but not including funeral chapels or mortuary chapels[.]"

{¶7} The house that Faith Walk wished to use as a church was less than 15 feet from the adjoining premises.

{¶8} Faith Walk maintains that the board should have construed the words "adjoining premises" to mean the house situated on the adjoining lot (located more than 15 feet from Faith Walk's house), not the adjoining lot itself. The word "premises" is undefined in the city's zoning code, so we give it a plain and ordinary meaning. *See State v. Anthony*, 96 Ohio St.3d

173, 2002-Ohio-4008, 772 N.E.2d 1167, ¶ 11. The word "premises" is used in various statutes to mean both the land *and* structures on the land. For example, R.C. 5739.01(K) defines the word "premises" for tax code purposes as including "any real property or portion thereof [.]" And R.C. 2925.01(P) states that an offense is committed within the vicinity of a school when "the offender commits the offense on school premises, in a school building, or within one thousand feet of the boundaries of any school premises * * *." In both statutes, the word "premises" is plainly used to indicate not only structures and dwellings, but the lands on which those structures or dwellings are located. *See also Miller v. Dayton*, 42 Ohio St.3d 113, 114, 537 N.E.2d 1294 (1989) (noting that in the context of recreational user immunity, R.C. 1533.18(A) defines "premises" as "all privately owned lands, ways, waters, and any buildings and structures thereon * * *").

{¶9} Employing the ordinary meaning of the word "premises," the court did not err by finding that the house Faith Walk wished to use as a church was less than 15 feet from any adjoining premises.

## II

{¶10} With it established that Faith Walk could not use a house located in a single-family residential district as a church unless the house was located 15 feet or more from an adjoining premise, Faith Walk needed an area variance to use its house as a church.

## A

{¶11} Unlike the more stringent "use" variance, an "area" variance will be granted upon a showing of "practical difficulties rather than unnecessary hardship." *Boice v. Ottawa Hills*, 137 Ohio St.3d 412, 2013-Ohio-4769, 999 N.E.2d 649, ¶ 12. Cleveland Codified Ordinance

329.03(b) limits the board's authority to grant a variance to specific cases where the following conditions are shown:

> (1) The practical difficulty or unnecessary hardship inheres in and is peculiar to the premises sought to be built upon or used because of physical size, shape, or other characteristics of the premises * * * which differentiate it from other premises in the same district and create a difficulty or hardship caused by a strict application of the provisions of this Zoning Code not generally shared by other land or buildings in the same district;
>
> (2) Refusal of the variance appealed for will deprive the owner of substantial property rights; and
>
> (3) Granting of the variance   appealed for will not be contrary to the purpose and intent of this Zoning Code.

{¶12} The burden to prove the three conditions set forth in Cleveland Codified Ordinance 329.03(b) is on the party seeking the variance, and the failure to establish all three conditions require the board to deny the requested variance.  *See Consol. Mgt., Inc. v. Cleveland*, 6 Ohio St.3d 238, 242, 452 N.E.2d 1287 (1983); *Cleveland v. Patrick Realty*, 8th Dist. Cuyahoga No. 90349, 2008-Ohio-4243, ¶ 24.

B

{¶13} The application for variance raised two separate issues: first, whether Faith Walk would have practical difficulty using the house as a church without the requested variance; second, whether it would have practical difficulty operating a church without the addition of six, off-street parking spaces.  The board found that Faith Walk will not suffer an unreasonable hardship if refused a variance "since [it is] not denied any use of the property not also denied other owners in that district similarly situated[.]"

{¶14} Faith Walk argues that the board addressed the wrong issue.  It maintains that the board should have considered whether the denial of an area variance would have caused it

practical difficulty or unnecessary hardship in operating the house as a church, not whether it suffered any hardship because the house could continue to be used as a residence. Faith Walk's argument raises a question of law that is within our authority to review on appeal.

{¶15} A defining aspect of area variances is that the practical difficulties-undue hardship standard refers to the characteristics of the land, not conditions personal to the owner of the land. *See, e.g.*, *Hulligan v. Columbia Twp. Bd. of Zoning Appeals*, 59 Ohio App.2d 105, 109, 392 N.E.2d 1272 (9th Dist.1978) ("issuance of a variance must be based upon evidence demonstrating that a literal application of zoning regulations on a specific parcel of property would result in an unnecessary hardship unique to that property"); *Schellhardt v. Mercer Cty. Commrs.*, 182 Ohio App.3d 639, 2009-Ohio-1919, 914 N.E.2d 437, ¶ 17 (3d Dist.). In other words, Faith Walk had to show that the 15-foot setback requirement does not refer to conditions personal to it as the owner of the land in question but rather refers to the conditions especially affecting the lot in question.

{¶16} There was no evidence that Faith Walk could not erect on the property a church that conformed to setback requirements. That it could not use the existing structure on the land for use as a church was a condition personal to Faith Walk, not the property.

{¶17} What is more, the existing conforming use of Faith Walk's property as a single-family residence in a single-family residential district shows that the characteristics of the land did not demonstrate practical difficulty in complying with the applicable zoning ordinance. The land could be, and has long been, put to use as a single-family residence. Although the land could also be put to use as a church (assuming all other prerequisites were met), the fact that Faith Walk's house did not satisfy the setback requirements for a church did not mean that the land could not continue to be put to use as a single-family residence. Again, Faith Walk's

difficulties with the 15-foot setback requirement are personal to its preferred way to use the land, not the property itself. We find no evidence of any physical or topographical attributes of the property that impose limitations on conforming uses, so the practical difficulties-undue hardship criteria were not met.

C

{¶18} Having rejected Faith Walk's argument that the board erred by refusing to grant an area variance from the 15-foot setback requirement in order to use the existing house as a church, we believe that Faith Walk's request for a variance to have an accessory, off-street parking lot is arguably moot. As we understand it, Faith Walk's need to build an unpaved, off-street accessory parking lot is based on it being able to use the house as a church. With our affirmance of the court's decision to affirm the board's refusal to grant an area variance to the church, that need no longer exists.

{¶19} Even if the matter of a variance for an unpaved, off-street accessory parking lot continues to exist, we find no error with respect to the board's conclusions rejecting Faith Walk's argument that it would have practical difficulty operating a church without the addition of six, off-street parking spaces.

{¶20} In *Duncan v. Middlefield*, 23 Ohio St.3d 83, 491 N.E.2d 692 (1986), the Ohio Supreme Court set forth the following, nonexclusive list of factors to be considered and weighed when determining whether a property owner has encountered practical difficulties in the use of property:

> (1) whether the property in question will yield a reasonable return or whether there can be any beneficial use of the property without the variance; (2) whether the variance is substantial; (3) whether the essential character of the neighborhood would be substantially altered or whether adjoining properties would suffer a substantial detriment as a result of the variance; (4) whether the variance would

adversely affect the delivery of governmental services (e.g., water, sewer, garbage); (5) whether the property owner purchased the property with knowledge of the zoning restriction; (6) whether the property owner's predicament feasibly can be obviated through some method other than a variance; (7) whether the spirit and intent behind the zoning requirement would be observed and substantial justice done by granting the variance.

*Id.* at syllabus.

{¶21} The board found that "[t]he proposed change to the one family house would be an adverse impact upon neighboring property owners with the limitations for parking and additional traffic that would accompany the assembly use."  The board also found that to establish a use for a church in the midst of what are predominantly one-family homes "would be inconsistent with the character of the surrounding neighborhood."  Finally, the board found that refusing the variance would not result in unreasonable hardship because Faith Walk would not be denied any use of the property not also denied to other similarly-situated owners.

{¶22}  Faith Walk has not argued that the board committed errors of law in rejecting the requested variance — it essentially argues that the board's application of the *Duncan* factors and its findings rejecting the claim of practical difficulties it would have in operating the house as a church were erroneous.  Those findings are factual in nature and beyond our limited review of questions of law.  We have no choice but to affirm that aspect of the court's decision.

{¶23} Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

MARY J. BOYLE, A.J., and
SEAN C. GALLAGHER, J., CONCUR